### HIRSCHFELD v. UNITED STATES.
### No. 4582.

Circuit Court of Appeals, Seventh Circuit.
Dec. 4, 1931.

Rehearing Denied Jan. 8, 1932.

Harold J. Bandy, of Granite City, Ill., for appellant.

Paul F. Jones, U. S. Atty., of Danville, Ill., and J. Fred Gilster, of Chester, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

For reversal of this judgment entered on his conviction for violation of the National Prohibition Act (27 USCA), appellant urges: (1) That the search of premises and seizure of liquor found there was unlawful, and motion for suppression of the evidence obtained by the search was improperly denied; and (2) that the court erroneously excluded testimony proffered for appellant to the effect that the man who made the affidavit for issuance of the search warrant had stated to others that the liquor found on searching the premises had been previously "planted" there by him.

On the hearing of the motion to suppress the evidence, it was contended that the signature to the affidavit for issuance of the search warrant was fictitious, the name appearing signed "Thodol" or "Thodor Robinson," instead of "Theodore Roberts," which was the real name of the man who testified he signed it.

On the hearing there was produced an affidavit which Roberts had signed at the solicitation of persons interested on behalf of appellant, to the effect that he had not signed the first named affidavit at all. Roberts admitted his signature to the later affidavit, but said he did not know its contents, and testified that he actually did sign the affidavit which was the basis for the search warrant. He said the first name as signed was intended to be Theodore, and that sometimes he did use the name Robinson. He testified to numerous attempts on the part of various persons to get him to deny his

signature to the original affidavit, and stuck to his testimony that he actually did sign it. In this he was confirmed by the state magistrate who issued the warrant, although there was some evidence of his contrary statements. Whether or not Roberts thus intended to conceal his identity is not certain from the evidence. He admitted he received compensation from the sheriff of the county for revealing such law violations and making affidavits for search warrants.

The affidavit for the search warrant was on its face sufficient, and the court hearing the evidence found it to have been actually signed and sworn to by Roberts. The fact that he misspelled his name, or even wrote another name, will not affect the validity of the warrant if in truth he signed and swore to it [McKay v. United States (D. C.) 2 F.(2d) 257]; provided, of course, the magistrate had that reasonable ground which the law requires for the issuance of the warrant. Fourth Amendment, U. S. Constitution; United States v. Morgan, 222 U. S. 274, 282, 32 S. Ct. 81, 56 L. Ed. 198.

We find that the court was justified in denying the motion to suppress the evidence secured on the search.

On the trial appellant's counsel made an offer to show by several witnesses that Roberts had stated to them that he (Roberts) had placed on appellant's premises the liquor which was there found. This the court rejected, and properly so. Roberts was not a party to the action, nor was he a witness on the trial. We perceive no theory upon which evidence by others of statements made by him was admissible. Such statements to others were no part of the res gestæ, and the offered testimony was at best hearsay.

It is complained that the court refused to comply with appellant's request that Roberts be called by the court as the court's witness. This practice is sometimes followed, but it is always within the discretion of the court. Evidently it was assumed by counsel that if so called Roberts would deny that he placed the liquor there, and might then be asked whether he did not state to others that he had done so, and, if he denied these statements, the rejected testimony of these others would then be admissible on rebuttal. In such case the rebuttal testimony would not tend to establish that Roberts had done this, but would serve only to impeach him. There would still be lack-

ing evidence to show that he had in fact so placed the liquor there.

The court had heard his testimony given on the motion to suppress, wherein he denied having so placed it. We find no error in the court's refusal to call Roberts.

The judgment is affirmed.