## UNITED STATES v. YOUNG.

### No. 2906.

District Court, W. D. Texas,
Austin Division.

Jan. 26, 1939.

W. R. Smith, Jr., U. S. Atty., and H. W. Moursund, Asst. U. S. Atty., both of San Antonio, Tex., for United States.

Ayres K. Ross and Houston Jones, both of Austin, Tex., for defendant.

McMILLAN, District Judge.

The defendant is here being tried for the murder of a revenue agent. It is not claimed that he did the actual killing, but the contention is that he was a principal to it because he aided and abetted in it and caused it to be brought about. The killing was actually done by one Pete Martinez, who, it is claimed, was stationed as a guard at an illicit still. Martinez was also killed.

Accordingly, we have here a double shooting, in which both of the parties to the combat are dead. The only living witness to the duel is Hucel Hamilton, a young boy who is now here present in court under subpoena.

The Government has asked the Court, by motion, to put this witness on the stand as a Court's witness. In support of this motion, it has, in the absence of the jury, introduced ample testimony. The necessity for such a procedure with regard to this witness is charged to grow out of these facts.

Immediately after the killings, he made a full statement with regard to the matter, which was reduced to writing and signed and sworn to. A short time thereafter, he made a statement of similar purport, which he also signed and swore to. Thereafter, he appeared before the grand jury and orally made a statement similar in character to the two previously made in writing. Thereafter, upon the original trial of this case, he repudiated material parts of these statements which were favorable to the Government's contention. The Government claiming surprise, the Court allowed its attorneys to impeach the witness with these statements. It was also shown by way of impeachment that while confined in jail, he had exchanged certain notes with his sister in which he indicated that he might change his testimony on her solicitation. No question with regard to the claim of surprise was raised, and accordingly no evidence was taken with regard to it, the Court assuming that counsel for the Government made the statement in good faith. The evidence which was taken yesterday in support of the motion indicates without contradiction that the Government's attorneys did interview the witness Hucel Hamilton shortly before placing him on the stand and that he stated, despite the notes which had been passed in the jail, that he intended to stand by the statements made in his signed statements and in his testimony before the grand jury. Accordingly, the Government's counsel justifiably placed him on the stand and was surprised by his repudiation of these statements. Those facts were not before the Circuit Court when it passed on the case for the reason that no question was raised in this court at the trial as to the claimed surprise. Had such a question been raised, the Court would have taken evidence with regard to it then. The Circuit Court, in reviewing the case, held, by a majority opinion, that the Government was not surprised and that it was error to allow the impeachment of the witness. Young v. United States, 5 Cir., 97 F.2d 200, 117 A.L.R. 316.

The Court is confronted now by this situation: The Government, being fearful of the witness and unwilling to be bound by his testimony and being without the right to impeach him if tendered, is unwilling to offer him as a witness upon the facts in the case generally. The defendant, being under no burden in the matter and realizing the vulnerability of the witness, does not purpose to offer him, and has announced in open court that he will not offer him. Accordingly, it results that unless some oth-

er way out of the situation is found, the Court will be put to the necessity of going through the travesty of trying a murder case with the only eye witness to the killing in court and yet not called to the witness stand. This grows out of the application of the archaic rules of evidence which now, by reason of the majority opinion of the Circuit Court, seem to govern this case and which tie the hands of the Government so far as the witness is concerned and allow the defendant to suppress his evidence if he desires to do so by failing to call him. No other investigating tribunal in the world except a court feeling itself bound by these ancient canons of evidence would allow such a result to take place. In a case of this kind, the most natural thing in the world for an investigator seeking the truth would be to interrogate this only living eye witness, to take that evidence which he believed, to reject that evidence which he disbelieved, to endeavor, by reminding him of his prior statements, to arrive at the truth 'as between those statements and the evidence then given. The statements could not be used as original evidence, of course, but they could be used by way of impeachment. In other words, the testimony of this all important witness should not be suppressed. Some one should be able to put him on without being bound by his testimony and with the right to impeach him if of the opinion that he falsifies. However, under the law of this case, such cannot be done by the parties whose duty it is ordinarily to interrogate witnesses.

Still, the Court is not of the opinion that it is required to preside here over an empty trial. It does not purpose to close this case without giving the jury an opportunity to see and hear the only living eye witness to the killing. The Court feels that he owes that much to the furtherance of justice. There is ample authority for this procedure.

"The Court may on its own motion call a witness, who was present at the transaction, subject to examination and cross-examination by either side on issues involved or recall a witness in the furtherance of justice. * * * Where the prosecution fears a witness, he may be called by the court and in such case he is not a witness for either side, subject to examination and cross-examination by both sides." Underhill on Criminal Evidence, 4th Ed., Section 391, page 763. Also Litsinger v. United States, 7 Cir., 44 F.2d 45; Hirschfeld v.

United States, 7 Cir., 54 F.2d 62; Fournier v. United States, 7 Cir., 58 F.2d 3; 70 C. J., Section 723; Pugh v. State, 69 Tex.Cr. R. 357, 151 S.W. 546; Jones' Commentaries on Evidence, Vol. 5, page 4461.

Accordingly, the Court will call Hucel Hamilton as the Court's witness and after examining him directly upon the case, will pass him to the respective parties for further examination and cross-examination.