## HOWARD *v.* STATE

[No. 125, October Term, 1951.]

*Decided March 12, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Charles J. Stinchcomb*, with whom was *S. Alfred Mund*, on the brief, for appellant.

*Kenneth Proctor*, Assistant Attorney General, with whom were *Hall Hammond*, Attorney General, *Anselm Sodaro*, State's Attorney for Baltimore City and *Edwin A. Gehring*, Assistant State's Attorney, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted of violating the laws against lottery and sentenced to nine months in the House of Correction and a fine of one thousand dollars. The first question raised is the validity of the search warrant under which evidence against him was obtained. He filed a motion to quash the warrant, which was over-ruled before the trial began, and in the course of the trial, before the court without a jury, objected to the introduction of evidence obtained in the search and moved to strike it out.

The application for the search warrant was made by Sergeant James Middleton and subscribed and sworn

to by him. The warrant was addressed to Sergeant Middleton but it recited it was issued upon "written information which has been signed and sworn to by Sergeant S. Ralph Warnken". It is conceded that "S. Ralph Warnken" is not a member of the Police Force but an Associate Judge of the Supreme Bench. The warrant directed Sergeant Middleton to search a certain Pontiac automobile titled in the name of one Kennard, the brother-in-law of the appellant. A few days later, Sergeant Middleton and another officer intercepted the automobile while it was being operated by the appellant, showed him the warrant and proceeded to make the search. It is conceded that Howard was lawfully operating and in possession of the automobile. The search disclosed lottery slips and money in "the compartment where the radio would normally be."

Section 306, Article 27 of the Code, as enacted by Chapter 749, Acts of 1939, (amended by Chapter 81, Acts of 1950 in particulars not here relevant) provides, in part: "Whenever it be made to appear to any judge * * * by a writing signed and sworn to by the applicant, that there is probable cause, the basis of which shall be set forth in said writing, to believe that any felony or misdemeanor is being committed * * *, then such judge * * * may forthwith issue a search warrant * * * provided that any such search warrant shall name or describe, with reasonable particularity, the individual, building, apartment, premises, place or thing to be searched, the grounds for such search and the name of the applicant on whose written application as aforesaid the warrant was issued * * *."

The warrant did not contain the name of the applicant on whose written application the warrant was issued. The trial judge referred to the omission, or misstatement, as a clerical or "typographical" error, and seemed to regard it as immaterial. We cannot so regard it. Not only is the requirement stated specifically and unequivocally in the statute, but it was obviously designed to afford information to the accused as to the name of the

accuser. While we have found no Maryland case directly in point, it was held in *Mazer v. State,* 179 Md. 293, 303, 18 A. 2d 217, that a warrant reciting that probable cause was found by the affiant rather than the issuing judge was fatally defective. In *Kapler v. State,* 194 Md. 580, 588, 71 A. 2d 860, 863, it was held that statements of an unnamed and unknown witness, standing alone, would not be a proper showing of probable cause. We said: "The warrants must not only contain facts, but they must contain responsible sources for them." In *Smith v. State,* 191 Md. 329, 339, 62 A. 2d 287, 291, it was pointed out that "if false affidavits are made, of course, the persons making them are liable to criminal prosecution." They may also be liable to an action for damages. In any event, the legislature evidently deemed it advisable that the person on whom the warrant is served should be apprised of the name of the affiant. Cf. *U. S. v. Kaplan,* D. C., 286 F. 863; *Guenther v. Day,* 6 Gray (72 Mass.) 490.

The State contends, however, that since there was no defect in the application containing the affidavit, which was before the issuing judge, there was substantial compliance. In *Goodman v. State,* 178 Md. 1, 7, 11 A. 2d 635, 638, the warrant was upheld although it did not state "the grounds for such search". However, it was shown that the "affidavit accompanied the warrant and was read to and by Goodman". The court said, 178 Md. at page 8, 11 A. 2d at page 638: "It would be the better practice either for the warrant to recite the facts contained in the affidavit, or to see that it is attached to it and referred to as part of it. The purpose of the service of the warrant is not only to authorize the officer to make the search, but to inform the one named and suspected, if he be on the premises, what is being done and why. In this instance the defendant cannot be heard to complain of any informalities in the warrant, as he was served with all the information the issuing judge had * * *." There was no such showing in the instant case. Sergeant Middleton testified he showed Howard

the warrant, "showed him the license number in there, showed him the judge's signature". Officer Bedsworth testified that the Sergeant "showed him the search warrant". There is no evidence that the application containing the affidavit accompanied the warrant or was in the officer's possession. There is no evidence that Howard was apprised of the name of the applicant. We think there was no substantial compliance and the defect in the warrant is fatal. The motion to quash should have been granted.

In view of our conclusion on this point, it is unnecessary to discuss the other points raised in the brief.

*Judgment reversed and case remanded for a new trial.*