People of the State of Illinois, Plaintiff-Appellee, v. Raymond Pugh, Defendant-Appellant.
People of the State of Illinois, Plaintiff-Appellee, v. Jessie James Pugh, Defendant-Appellant.

Gen. No. 50,116.

First District, First Division.

February 18, 1966.

Richard H. Devine, of Chicago, for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Martin, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The two defendants were charged in separate indictments with the unlawful possession of narcotic drugs, and the indictments were consolidated for trial and for appeal.

After a bench trial the court found each of the defendants guilty as charged, and sentenced them to terms in the Illinois State Penitentiary. Raymond Pugh was sentenced to a term of not less than two years nor more than two years and one day; and Jessie James Pugh was sentenced to a term of not less than five years nor more than ten years.

On this appeal, the defendants question only the legality of the searches by which the police obtained the narcotics introduced against them at their trial. In the trial court, Raymond Pugh filed a petition to suppress evidence, and Jessie James Pugh filed a motion to quash the complaint for a search warrant and to suppress evidence. Both motions were denied by the trial judge, and these rulings are the subject of this appeal.

On August 29, 1963, a search warrant was issued by a judicial tribunal upon a complaint in which the informer, who gave his name as Joe Williams, stated under oath that narcotic drugs were concealed by Jessie Pugh in a certain apartment on the third floor of a building at 1809 East 67th Street in Chicago. The informer stated that he had purchased two tinfoil packages of heroin from Jessie Pugh at that address on August 28th. The warrant was executed on August 30th. When the officers were admitted into the apartment, they identified themselves as police officers, showed the search warrant to Jessie Pugh, and began their search of the apartment. About fifteen minutes later, Raymond Pugh rang the doorbell and, at the direction of the officers, was admitted to the apartment. He was then searched, and 42 foil packages containing heroin were removed from his pants pocket. Raymond Pugh was arrested; and the search of the apartment was resumed. Eventually, an envelope containing heroin was discovered concealed in a hi-fi set within the apartment. All of the narcotics was admitted into evidence at the trial, over the objection of the defendants.

■ The attack by the defendant Jessie Pugh upon the legality of the search of the apartment is grounded upon the fact that the informer, who filed the complaint for a search warrant and who appeared before the judge issuing the warrant, signed a fictitious name. It is alleged that this constitutes grounds for quashing the complaint, and for suppressing the fruits of the search. In support of this contention, defendant argues that in People v. Williams, 27 Ill2d 542, 190 NE2d 303, the Supreme Court held that the police, in applying for a search warrant, can allege as grounds for probable cause information received by them from an informer who had given reliable information in the past. It is argued that where the police can thus obtain a search warrant and yet conceal the identity of their informer, they cannot do so by means of a sworn complaint signed by the informer under a fictitious name. It thus appears that the defendant's objection is not to the fact that the police concealed the identity of the informer, but to the manner in which the identity was concealed. We see no merit in such a distinction. If the police themselves can obtain a warrant by alleging the receipt of information from an informer, without revealing that informer's identity, the warrant can be no less valid where the informer himself appears before the court to present his allegations, albeit under a false name.

It has been held in the federal courts that a fictitious name signed to a complaint for a search warrant is not a ground for quashing the warrant where, as here, the person did in fact appear and swear to the complaint before a proper judicial tribunal, and where the affidavit discloses facts which, if true, were ample to support a search warrant. United States v. McKay, 2 F2d 257. In Hirschfeld v. United States, 54 F2d 62, the court held that the fact that the informer misspelled his name, or even wrote another name, will not affect the validity of the warrant

if in truth he signed and swore to it, provided the magistrate had reasonable grounds for issuance of the warrant (54 F2d at 63).

In People v. Mack, 12 Ill2d 151, 145 NE2d 609, the defendant was convicted of the unlawful possession of narcotic drugs. As in the instant case, the narcotics introduced against the defendant at his trial were obtained during a search of an apartment pursuant to a search warrant issued upon the complaint signed by an informer using a fictitious name. The defendant filed a motion to suppress the narcotics. Although our Supreme Court, in affirming the conviction, noted that the defendant did *not* contend the fictitious signature rendered the search warrant void, it nevertheless cited the McKay case for the proposition that a fictitious name signed to the affidavit is no ground for quashing the search warrant (12 Ill2d at 163, 164).

█ In support of his motion to suppress the narcotics removed from his person when he entered the apartment, the other defendant, Raymond Pugh argues that he was first searched and then arrested without probable cause. Section 108–9 of the Code of Criminal Procedure (Ill Rev Stats c 38, § 108–9 (1963)) now provides:

§ 108–9. Detention and Search of Persons on Premises.

In the execution of the warrant the person executing the same may reasonably detain to search any person in the place at the time:

(a) To protect himself from attack, or
(b) To prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant.

We feel that under the same rationale as set forth in the statute the police while engaged in the search had

reasonable grounds to search Raymond Pugh as well. We agree with the State that the execution of search warrants in narcotics cases is a risky business at best, and unless the police search all persons present on the premises they endanger both themselves and the search they are making. Furthermore, the entry of the defendant onto premises where the police have reason to believe narcotics are concealed provides further grounds for his search. The United States Constitution prohibits unreasonable searches (US Const amend IV); the search of Raymond Pugh under the circumstances of this case cannot be so classified.

The judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.