**UNITED STATES of America ex rel. Jesse PUGH, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden of the Illinois State Penitentiary, Respondent-Appellee.**

No. 16539.

United States Court of Appeals Seventh Circuit.

July 1, 1968.

Rehearing Denied En Banc

Sept. 19, 1968.

Sam Adam, Stanley A. Bass, Chicago, Ill., for appellant.

Donald J. Veverka, William G. Clark, Atty. Gen., of Illinois, Chicago, Ill., John J. O'Toole, Thomas E. Brannigan, Asst. Attys. Gen., of counsel, for appellee.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Jesse Pugh, petitioner, has appealed from an order of the district court denying his petition for a writ of habeas corpus, filed May 11, 1967, naming as respondent, Frank J. Pate, Warden of the Illinois State Penitentiary.

It appears from petitioner's brief that on September 14, 1964, he was sentenced to the penitentiary for not less than five nor more than ten years, and that on his appeal, his conviction was affirmed by the Illinois Appellate Court, First District, 69 Ill.App.2d [1] 312, 217 N.E.2d 557 (1966). On March 17, 1967, petitioner was denied leave to file an original writ of habeas corpus by the Illinois Supreme Court.

The only error relied upon for reversal is:

The trial court, the Appellate Court of Illinois, and the United States District Court erred in holding that a fictitious signature, signed to the affidavit for a search warrant, did not render the search warrant void.

Petitioner accepts the facts as stated in the opinion of the Illinois Appellate Court, at 313, 217 N.E.2d at 558 which, in pertinent part is as follows:

"On August 29, 1963, a search warrant was issued by a judicial tribunal

---

[1.] Leave to appeal was denied by the Supreme Court of Illinois on May 16, 1966.

upon a complaint in which the informer, who gave his name as Joe Williams, stated under oath that narcotic drugs were concealed by Jessie Pugh in a certain apartment on the third floor of a building at 1809 East 67th Street in Chicago. The informer stated that he had purchased two tin-foil packages of heroin from Jessie Pugh at that address on August 28th. The warrant was executed on August 30th. When the officers were admitted into the apartment, they identified themselves as police officers, showed the search warrant to Jessie Pugh, and began their search of the apartment. * * * Eventually, an envelope containing heroin was discovered concealed in a hi-fi set within the apartment. All of the narcotics was admitted into evidence at the trial, over the objection of the defendants."

In this court, it is alleged in the brief of petitioner and not denied that the affiant, who signed the complaint for the search warrant as "Joe Williams", thereby used a fictitious name and signature.

In King v. United States, 4 Cir., 282 F.2d 398, it was said at 399 (1960):

"* * * The constitutional requirement of an oath or affirmation would be effectively eroded away if fictitious oaths were permitted. The statutory mandate that the affiant's name *shall* be stated is not satisfied by a false name, given by an unknown individual. * * *"

In that case, conviction of defendant King rested on evidence taken from his home under a search warrant and the sole point of appeal was that the underlying affidavit was invalid and hence the search warrant was likewise invalid. This contention the court upheld. The affidavit was executed by Ruth or Rutha Douglas before a United States commissioner, upon which the commissioner authorized a search of King's home. The court said, at 399:

"* * * The short of it is that an oath by a person claiming a spurious

identity is the sole basis for the warrant and the search. * * *"

At 399, the court added:

"The Fourth Amendment to the Constitution of the United States explicitly requires that 'no Warrants shall issue, but upon probable cause, *supported by Oath or affirmation* * * *.' (Emphasis supplied.) Rule 41(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requires that the warrant 'shall state the grounds or probable cause for its issuance and the *names of the persons whose affidavits have been taken in support thereof.*' (Emphasis supplied.)

* * * * * *

"* * * It has been repeated many times that the requirements for issuance of a search warrant must be strictly adhered to and that the Fourth Amendment 'guaranties are to be liberally construed to prevent impairment of the protection extended.' Grau v. United States, 1932, 287 U.S. 124, 128, 53 S.Ct. 38, 40, 77 L.Ed. 212. Judge Soper, speaking for this court, recently stated:

'It has been laid down again and again that the prohibition of the Fourth Amendment against unreasonable searches and seizures must be rigidly enforced and that the procedure for the issuance of a search warrant which gives effect to the amendment must be scrupulously observed.' Baysden v. United States, 4 Cir., 1959, 271 F.2d 325, 327.' To uphold the warrant in the instant case would be completely inconsistent with the above admonition."

The court in *King* pointed out that the demand of rule 41 for the affiant's name is not without purpose and that it has been said that someone must take the responsibility for the facts alleged, giving rise to the probable cause for the issuance of a warrant, and that defen-

dant should be apprised of the name of that person. The court added, at 400:

"* * * When the affiant is cloaked in secrecy there is no one who can be held responsible.

"Another reason for naming the affiant is to enable an aggrieved person to probe and challenge the legality of the warrant. Section 41 (e) of the rule makes this plain. Giving a name other than the affiant's is not compliance. It is established law that the warrant would be fatally defective if no name were mentioned. United States v. Kaplan, D.C.S.D.Ga.1923, 286 F. 963; Howard v. State, supra [199 Md. 529, 87 A.2d 161]. It would be an anomaly if it could be said that the rule has been obeyed when, instead of omitting the affiant's name altogether, another person's name is deceptively substituted. If it should be held that the use of a mere sham has the effect of validating the warrant, then the aggrieved party would be frustrated in his effort to discover who the affiant is and to test the legality of the search, as authorized by the rule. The rule's remedial procedure would be vitiated."

██ The court also pointed out, at 400, that the case before it was not an instance of affiant using a nickname by which he is sometimes known, rather than his real name.[2] While the state prosecution now before us is not subject to the federal rules of procedure, we think that the fourth amendment itself, in requiring an oath or affirmation, precludes hiding the identity of affiant or affirmant by use of a false name.

Without further citation of authorities, we are convinced that the order from which this appeal was taken must be, and it is hereby, reversed and this cause is remanded to the district court with directions to issue a writ of habeas corpus as prayed by petitioner.

Reversed and remanded with instructions.

KILEY, Circuit Judge (dissenting).

I dissent. Pugh contends that the use of the fictitious name on the affidavit for the warrant *per se* voids the warrant under the Fourth Amendment. I cannot agree with this contention because I find nothing in the Constitution which requires such a result absent a showing of some prejudice to petitioner. Here petitioner does not claim that the issuing magistrate was not aware that the affiant was using a false name or that the affiant's true identity was unknown to the magistrate. Petitioner does not claim that he sought the identity of the affiant from police and was unable to get it or even that he did not know the real identity of the affiant. I agree that the affiant must be named where the defendant wishes to question the existence of probable cause by a motion to suppress, but petitioner here has not, so far as the record before us shows, ever questioned the existence of probable cause.

The Fourth Amendment requires a warrant to be supported by oath or affirmation but does not expressly require the person giving that oath to sign his correct name. No Supreme Court case is cited which supports Pugh's contention. The case of King v. United States, 282 F.2d 398, involved a federal search warrant to seize liquor, and the facts in that case do not warrant its use in supporting Pugh's contention. There a hearing on a motion to suppress disclosed that the affiant used a quality fictitious name to add reliability to the application, and that the issuing magistrate was deceived. Moreover, the actual affiant could not be located to testify at a hearing on the motion to suppress. But here the motion to suppress was on the ground that the fictitious name itself voided the warrant.

The Illinois Appellate Court rejected Pugh's *per se* contention in People v. Pugh, 217 N.E.2d 557; and in People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609, at page 615 the Illinois Supreme Court

---

2. Such as in Hirschfeld v. United States, 7 Cir., 54 F.2d 62 (1932).

stated that a fictitious name in the affidavit for a warrant is not ground for quashing a warrant. In my view the Illinois Appellate and Supreme Court decisions construing Illinois law with respect to the issuance of search warrants should not be circumvented by a decision of a federal court construing Rule 41(c) Fed.R.Cr.P., where the Illinois court decisions do not offend the requirements of the Fourth Amendment as included in the Fourteenth Amendment.