## JOSEPH ELMER HAMMOND AND EUGENE COUSER v. STATE OF MARYLAND

[Nos. 389, 390, September Term, 1968.]

*Decided September 9, 1969.*

---

589

590

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Howard L. Muhl, Jr.*, for appellant Couser, and *W. Kennedy Boone* for appellant Hammond.

*Thomas M. Downs, Assistant Attorney General,* and *James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *William J. Blondell, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellants, Joseph Elmer Hammond and Eugene Couser, were jointly indicted for robbery with a deadly weapon and allied offenses. Separate trials were had in the Circuit Court for Baltimore County but the two cases were consolidated on appeal. Appellant Hammond was convicted of robbery with a deadly weapon by a jury, Judge Kenneth C. Proctor presiding; appellant Couser was convicted of robbery with a deadly weapon by Judge Kenneth C. Proctor sitting without a jury. They were sentenced to terms of fifteen and ten years, respectively, under the jurisdiction of the Department of Correction.

Upon this appeal, appellant Hammond's sole contention is that the evidence was insufficient to convict him. Appellant Couser contends on appeal (a) that he was arrested without probable cause; (b) that the lower court erred in admitting the application for a search warrant, the warrant itself, and the fruits of the search for various technical reasons described below; and (c) that the

search warrant did not adequately describe the objects seized.

## I

## APPELLANT JOSEPH ELMER HAMMOND

The evidence adduced at appellant Hammond's trial was the following. On October 11, 1967, at about 12:15 p.m., Bobby Dean Brown entered the First National Bank in Catonsville, (Baltimore County) Maryland, and withdrew more than $8000. to meet the payroll expenses of the McLean Contracting Company. The money was placed in a "regular cloth bank bag," and the cloth bag was placed in a large manila envelope. Mr. Brown left the bank with the money and entered his car. At that time two armed men approached the car and robbed Mr. Brown of the money. Mr. Brown described his assailants as two Negro males in their middle or late twenties, both fairly tall and heavy. One man was wearing a brown button-up sweater with stripes down the front of it, and dark trousers; he carried a dark color automatic pistol. The other man was wearing a dark suit coat or sport coat, a dark hat, and dark trousers; he carried a silver-plated or nickel-plated revolver. The police were alerted and pursuant to the alert, at about 12:30 p.m., Detectives Lee Goldman and Garth Davis of the Howard County Police Department stationed their unmarked detective cruiser on Frederick Road at the Baltimore County-Howard County line, a distance of about three miles from Catonsville. Shortly thereafter, they observed a white 1962 Rambler automobile occupied by two Negro males coming from the Catonsville area; the Rambler was going through the twenty-five mile per hour speed zone at forty-five to fifty miles per hour. Detectives Goldman and Davis followed the Rambler to Ellicott City. The Rambler stopped for a flagman at the scene of road construction in Ellicott City and the passenger in the Rambler left the car and proceeded away from the vehicle at a fast walk. The passenger and the driver of the Rambler were then

arrested. A search warrant was obtained and the car was searched. From the car were taken a dark color, loaded, .32 caliber automatic pistol, a man's olive hat, and a brown wool button-up sweater with vertical suede stripes. The sweater and hat were identified by Mr. Brown at trial as those worn by one of the robbers. At about 8:50 p.m., Officer Michael Schloer of the K-9 Corps and his dog, Jet, discovered hidden under a large bush a loaded .32 caliber nickel-plated revolver and a black suit coat or sport coat folded over a large manila envelope. In the manila envelope was a sealed canvas bag of the First National Bank; on the seal was a tag with the words and figures, "McLean Contracting Company—8819.69." Inside the bag was $8819.69 in currency. The nickel-plated revolver was dusted for fingerprints and one fingerprint was taken from it. The fingerprint was described as "bright" and "fairly fresh" by two policemen assigned to the Crime Lab Division of the Baltimore County Police Bureau. Detective Krause of the Crime Lab, who made the fingerprint comparison, identified the print from the pistol as that of the right index finger of appellant Hammond.

At trial, Mr. Brown was unable to identify appellant Hammond as one of the robbers.

Appellant Hammond testified that on October 11, 1967 he was on his way to Ellicott City via Frederick Road when his car began to overheat. He parked the car and began to walk toward Ellicott City. When he was about four blocks from where he had parked his car, a white Rambler automobile pulled to the curb and a passenger got out. Hammond asked the driver whether he was going toward Ellicott City and the driver replied, "Yes, come on." Hammond entered the car and rode to Ellicott City in the Rambler. When the car arrived at Ellicott City, Hammond got out and the Rambler drove off. He was then arrested. Appellant Hammond stated that during questioning by Detective Kroner after his arrest the nickel-plated revolver was lying on a table. Detective

Kroner asked him whether he had ever seen the pistol before, and he (Hammond) began to pick up the pistol and had actually touched it before Detective Kroner warned him not to touch it because "we've got to dust it for fingerprints." Appellant Hammond denied any knowledge of or participation in the robbery.

Louis Carletti testified that Hammond was a regular customer of his dry cleaning business and that the laundry identification tag on the black suit coat or sport coat was not a tag attached by his shop.

In rebuttal the State recalled Detective Kroner, who denied that he had interrogated appellant Hammond. He stated that between the time he brought the gun from the bush under which it was found to the station house and the time that Detective William Merrick lifted the latent fingerprint, he (Kroner) did not see Hammond at all.

Fingerprint evidence has great probative value when coupled with evidence of other circumstances tending reasonably to exclude the hypothesis that the print was impressed at a time other than that of the crime. See *Fladung v. State,* 4 Md. App. 664 (1968) and authorities there cited. If Detective Kroner's testimony is credible, a determination to be made by the trier of facts, it would tend to supply the "other circumstances," particularly when coupled with the testimony that the pistol was found with the stolen money and a black coat similar to that worn by one of the robbers. The fingerprint evidence also strongly tends to show that appellant Hammond was at the scene of the crime. The excessive speed which Detectives Goldman and Davis attributed to the Rambler as it passed their location thus could reasonably be viewed by the trier of facts as flight from the scene of the crime, a relevant consideration in determining guilt. See *Farmer v. State,* 5 Md. App. 546, 553 (1968). Under such circumstances the lack of identification of Hammond by the victim, while relevant, would not preclude conviction. *Fladung v. State, supra.* The

trier of facts was not obligated to accept the appellant's exculpatory testimony. *Johnson v. State,* 4 Md. App. 393, 395 (1968). For all of the foregoing reasons we hold that there was sufficient evidence and inferences properly drawable therefrom, from which the jury could find the appellant guilty beyond a reasonable doubt. *Williams v. State,* 5 Md. App. 450, 458-59 (1968).

## II
### APPELLANT EUGENE COUSER

Appellant Couser, the driver of the white Rambler automobile adverted to above, does not contest that there was sufficient evidence to convict him of armed robbery. However, he does complain that some of the evidence which led to his conviction was erroneously admitted at his trial.

Appellant Couser was arrested between 12:45 p.m. and 1:00 p.m. while driving the Rambler automobile in Ellicott City. A search and seizure warrant was obtained at 8:12 p.m. and the car was searched at 8:25 p.m., resulting in the discovery and seizure of the automatic pistol, sweater, and hat described above. A road map of the Baltimore area was also found and seized. These items were introduced into evidence at Couser's trial over his objection.

Appellant Couser first contends that there was not probable cause for his arrest. Assuming, without deciding, that the arrest was not based on probable cause, the appellant is entitled to no relief. It is settled that an illegal arrest does not affect the jurisdiction of the court, is not a ground for quashing the indictment, and does not preclude trial and conviction for the offense. *Jones v. State,* 5 Md. App. 489, 493 (1968). When evidence is not obtained as a result of an unlawful search and seizure, it is not rendered inadmissible simply by reason of the fact that the arrest was illegal; and where no "fruits" of an illegal arrest are introduced against an accused at his trial, the alleged illegality of the arrest is ordinarily

immaterial. *Jones v. State, supra.* In the instant case no statements made by appellant Couser after his arrest were introduced against him at trial. The record also shows that the only evidence seized from appellant Couser was obtained pursuant to a valid search warrant. The search and seizure being legal, the alleged illegality of the arrest is of no legal consequence under the particular circumstances present here.

At trial Detective Conrad J. Kroner testified to the procurement of the search and seizure warrant adverted to above, and was stringently cross-examined by defense counsel as to exactly how application for the warrant was made and by whom it was made. The State was then permitted, over objection, to introduce the search and seizure warrant and the application therefor. The appellant contends that the reception of these items, and of the fruits of the search, was error because it was not shown that the application for the warrant was sworn to by the applicant, that the application was accompanied by an affidavit or affidavits, or that the affidavits contained facts within the personal knowledge of the affiant, all of which are required by Maryland Code, Art. 27, § 551.

Detective Kroner testified that Corporal Walter Guraleczka made application for the warrant, and that the warrant was issued by Trial Magistrate Webster C. Dove. Detective Kroner stated that Magistrate Dove put Corporal Guraleczka under oath and that Corporal Guraleczka "raised his right hand and swore on the affidavit," thus proving by his testimony that application was made by affidavit and that the application was sworn to by the applicant. The face of the application also reflected these facts.

With respect to the hearsay information contained in the application for the warrant, it is settled that an affidavit for a search warrant may be based on hearsay information and need not reflect the direct personal observations of the affiant so long as the magistrate is informed of the underlying circumstances supporting the

affiant's conclusion. *Grimm v. State,* 6 Md. App. 321, 326-27 (1969). That was adequately done in this case.

The appellant next complains that proving at trial the fact of Corporal Guraleczka's oath and affidavit by the testimony of Detective Kroner was a proof by hearsay. Since Detective Kroner's testimony was offered only to show that there was an affidavit made and that oath was taken, and not to establish the truthfulness of Corporal Guraleczka's statements before the magistrate, the hearsay rule was not violated. See *Quiles v. State,* 4 Md. App. 354, 358 (1968) (definition) ; *Nixon v. State,* 2 Md. App. 611, 615-16 (1967).

The appellant also contends that Corporal Guraleczka was one of his "accusers" by virtue of the application for the search warrant made by him; and that he therefore had an absolute right to confront and cross-examine him at trial upon demand. At trial the application for the warrant and the warrant itself were produced only to demonstrate the legality of the search and not as substantive evidence of guilt. Indeed, it could not have been offered as substantive evidence. See *Haley v. State,* 7 Md. App. 18, 29 (1969) and authorities there cited. It is thus clear that Corporal Guraleczka was not an "accuser" with respect to appellant's guilt of the crimes charged, and we find no denial of appellant's rights in the State's failure to produce him at trial.[1]

Appellant Couser also contends that certain fruits of the search should not have been admitted into evidence at trial because several of the items seized and admitted at trial were not described in the warrant. A fair and

---

1. We have found only one Maryland case in which the applicant for a search warrant has been referred to as an "accuser." *Howard v. State,* 199 Md. 529, 531-32 (1952). However, the rule that an application for a search warrant is not evidence at the trial antedates *Howard,* and has been reaffirmed since *Howard.* See *Goss v. State,* 198 Md. 350, 353-54 (1951) ; *Noel v. State,* 202 Md. 247, 250 (1953) ; *Haley v. State, supra.* It seems clear that the characterization in *Howard* of the applicant as an "accuser" was in a different context than that in which the issue arises in the instant case, and that that characterization is thus not of great weight in the instant circumstances.

careful reading of the complete transcript of appellant's trial reveals that the only objections raised to the search and seizure were the ones dealt with above. The variance in description or lack of description in the warrant of certain goods was never raised at trial either expressly or by implication. Under these circumstances this Court will not consider the contention, raised for the first time upon appeal. Maryland Rule 1085.

As previously noted, appellant Couser does not contest the sufficiency of the evidence, and it is certain that there was sufficient evidence to convict him of the armed robbery. At trial the victim, Bobby Dean Brown, positively identified the sweater as that worn by one of the robbers; he also identified the hat as similar to that worn by the other robber. He also described the dark automatic pistol. Appellant Couser admitted at trial that the sweater, hat, and pistol were his, although he denied involvement in the crime. It was shown, and admitted, that Hammond was in the car with Couser; and the money, the other pistol, and the other clothing found under the bush by the K-9 dog were connected to Couser through Hammond's fingerprint. Although Mr. Brown did not identify Couser at trial as one of the robbers, there was sufficient circumstantial evidence to sustain the conviction.

*Judgments affirmed.*