**UNITED STATES of America ex rel. Joseph JOHNSON, Petitioner-Appellant,**

v.

**PEOPLE OF the STATE OF ILLINOIS, Respondent-Appellee.**

**No. 71–1778.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 20, 1972.

Decided Nov. 20, 1972.

Fred E. Schulz, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Charles H. Levad, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before HASTINGS, Senior Circuit Judge, CUMMINGS, Circuit Judge, and GORDON, District Judge *.

HASTINGS, Senior Circuit Judge.

Joseph Johnson, an Illinois state prisoner, filed a habeas corpus petition in the federal district court. After reviewing the state court record, the district court denied the petition without an evidentiary hearing or the appointment of counsel. Petitioner appeals. We affirm.

Petitioner was convicted on April 15, 1965, in the Circuit Court of Cook County, Illinois, following a jury trial, on charges of burglary and possession of burglary tools. He was sentenced to serve concurrent terms of 10 to 25 years on the burglary count and 1 to 2 years on the possession count, respectively, following a hearing in aggravation and mitigation in which it was learned that petitioner had been previously convicted of auto theft, larceny, assault to commit rape, robbery and burglary. His conviction was affirmed on appeal by the Appellate Court of Illinois, in an extended and well considered opinion by Justice English. People v. Johnson, 88 Ill.App. 2d 265, 232 N.E.2d 554 (1967). Petitioner did not attempt a further appeal therefrom to the Supreme Court of Illinois. He was represented by privately employed counsel in both the state court trial and appeal. He was ultimately unsuccessful in his amended post-conviction petition proceeding. People v. Johnson, 47 Ill.2d 568, 268 N.E.2d 1 (1971).

As best we can understand petitioner's *pro se* federal habeas petition, he alleges in substance that his arrest and the subsequent warrantless search of his person and automobile were unlawful, and that the articles seized by the police were improperly admitted in evidence at his trial, and that, as a consequence, the state failed to prove his guilt beyond a reasonable doubt. The federal district court found "that the record of the case conclusively shows that the search of petitioner and his car was conducted legally," and "that the alleged errors at trial are insufficient to state a constitutional violation."

On appeal, petitioner was ably represented by court-appointed counsel.

---

* District Judge Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

## I

Petitioner first argues that the trial record "was so totally devoid of evidentiary support as to render the conviction for burglary and possession of burglary tools unconstitutional as a denial of due process of law."

Petitioner admittedly seeks to bring his case within the pale of Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). However, *Thompson* was a direct review of criminal convictions for loitering and disorderly conduct. In considering this precise constitutional question, the Court stated: "Decision of this question turns not on the sufficiency of the evidence, but on whether this conviction rests upon any evidence at all." *Id*. at 199, 80 S.Ct. at 625. The Court considered the paucity of the evidence introduced in terms of the language of the ordinances concerned and quite properly found there was "no evidence whatever in the record to support these convictions." *Id*. at 206, 80 S.Ct. at 629.

It should be stated at the outset that petitioner's privately retained counsel did not move to suppress the seized articles either prior to or during the trial and did not object to their introduction in evidence at the trial.[1] Further, it does not appear that the claim of erroneous admission of such disputed evidence was presented as a ground for petitioner's motion for a directed verdict at the end of the state's case, nor was it raised as error on direct review in the Illinois state courts.

■ Thus, it clearly appears that petitioner has waived any right to now object to the admission of the seized evidence at the trial. His retained trial counsel quite obviously adopted, as a matter of trial strategy, the course of

attempting to show his client's innocence by calling as witnesses his relatives and friends to explain the presence of the seized articles, which would provide an alibi. Petitioner openly acquiesced in this tactic by providing the names of such witnesses. This was "counsel's deliberate choice of the strategy [and] would amount to a waiver binding on petitioner * * *." Henry v. Mississippi, 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965).

The effect of granting petitioner's habeas corpus relief under these circumstances would be to provide him an opportunity to now file a motion to suppress evidence after he failed to do so during his trial. Neither law nor reason will support such a change of strategy at this late date. 3 C. A. Wright, Federal Practice and Procedure § 673, at 115 (1969).

In his opinion on direct appeal, Justice English reviewed in detail the testimony of each witness who testified in the state court trial [88 Ill.App.2d at 270–276, 232 N.E.2d 554], and then considered such evidence in reaching the conclusion that it constituted sufficient support for the jury's verdict of guilty on both charges. *Id*. at 277–284, 232 N.E.2d 554. We see no need to repeat such evidentiary detail here and therefore adopt such statement of the evidence and incorporate it herein by reference.

■ We can only conclude that the evidence admitted at trial provided overwhelming support for the jury's verdict of guilty beyond a reasonable doubt. In adopting this view of the evidentiary record, it is apparent that petitioner may not now claim that there was no evidence whatever in the record to support his convictions. Thompson v. Louisville,

---

1. It is true that an objection was made to the introduction of two "Kennedy" half dollars during the trial, but these were not obtained as a direct result of petitioner's arrest. They were taken from petitioner by a police officer after a brief

and limited search of petitioner's back pants pocket when the officer heard "something jingling" and, for safety reasons, sought to determine its cause. *See* Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

362 U.S. at 206, 80 S.Ct. 624. It is also well established that the sufficiency of the evidence to sustain a conviction is not subject to review in a federal habeas corpus proceeding "unless the conviction is so devoid of evidentiary support as to raise a due process issue." Johnson v. Turner, 10 Cir., 429 F.2d 1152, 1155 (1970); Mathis v. Colorado, 10 Cir., 425 F.2d 1165, 1166 (1970); Edmondson v. Warden, 4 Cir., 335 F.2d 608, 609 (1964). And, of course, this is consistent with the general rule that a federal habeas proceeding may not be used as a substitute for a direct appeal.

We, therefore, conclude that the district court did not err in finding no constitutional basis for a denial of due process.

## II

Petitioner next contends that his arrest for having "fictitious plates" on his car was unlawful, that the subsequent search and seizure were illegal and that the fruits thereof were tainted and should have been excluded from the evidence. He contends that there is no Illinois statute making it a violation to have "fictitious plates" on an automobile. See, however, chapter 95½, § 3–703, Illinois Revised Statutes (1969), which declares it a misdemeanor for "any person [to] display upon a vehicle any * * * registration plate * * * not issued for such vehicle * * *."

■ However, the arresting police officer had learned through a radio contact that petitioner did have license plates registered to another person and for a car other than his own. Petitioner has never contended he was acting lawfully by displaying the license plates in question. These facts, coupled with the officer's well founded suspicion that petitioner had been involved in the burglary under investigation, furnished probable cause to arrest petitioner on suspicion of a burglary which had been in progress just a few minutes earlier. We conclude, as a matter of law, from our own analysis of the total surrounding factual situation, that petitioner's arrest and the subsequent search and seizure were lawful.

## III

Finally, petitioner asserts that the district court erred in denying his habeas corpus petition without a hearing and without appointing counsel. The short answer to this contention is that the district court had the state court record before it (as it is in the record of the instant appeal before us) and determined that it was adequate to show that the searches of petitioner and of his car were conducted legally and that there was no denial of due process.

■ We conclude that the district court properly complied with the requirements of Townsend v. Sain, 372 U. S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), both as to its factual findings and as to its own conclusions of law in a federal habeas corpus proceeding by a state prisoner. Under the circumstances we hold the district court was not required to conduct an evidentiary hearing and it necessarily follows did not abuse its discretion in failing to appoint counsel for petitioner. Cf., United States ex rel. Worlow v. Pate, 7 Cir., 411 F.2d 972 (1969).

The order of the district court denying petitioner's petition for a writ of habeas corpus is in all respects affirmed.

Affirmed.