UNITED STATES of America,
Plaintiff-Appellee,

v.

Travis Milton POWELL, Defendant-
Appellant.

No. 72-2683.

United States Court of Appeals,
Ninth Circuit.

Feb. 22, 1973.

Joseph F. Ceniceros (argued), Gerald C. Doblie, of Bailey & Doblie, Portland, Ore., for defendant-appellant.

D. Richard Hammersley, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Portland, Ore., for plaintiff-appellee.

Before KOELSCH and WRIGHT, Circuit Judges, and NEILL,* District Judge.

PER CURIAM.

This appeal concerns the validity of a search warrant issued upon an affidavit in which the name given for one of the informants was wrong.

The government, at the hearing on appellant's motion to suppress,[1] adduced proof that the particular information appearing in the affidavit was in fact received from one Dorothy Francis, not Dolores Johnson, the source stated in the affidavit, and that the misnomer was due to an innocent mistake.

There was no evidence to the contrary, [compare United States v. Upshaw, 448 F.2d 1218, 1220–1221 (5th Cir. 1971)]. Nor does the evidence suggest that the showing of probable cause might have been deficient had the informant been correctly named [compare United States v. Pearce, 275 F.2d 318 (7th Cir. 1960)].

We conclude that the error was not of the kind that would invalidate the warrant.

The judgment is affirmed.

---

* Marshall A. Neill, United States District Judge, Spokane, Washington, sitting by designation.

1. As the Supreme Court did in Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964), we assume that an inquiry into the factual accuracy of allegations in the search warrant affidavit may be made. See also, King v. United States, 282 F.2d 398 (4th Cir. 1960); United States v. Pearce, 275 F. 2d 318 (7th Cir. 1960); United States v. Upshaw, 448 F.2d 1218 (5th Cir. 1971).