UNITED STATES of America ex rel.
Harold D. MAXEY and Robert P.
Maxey, Petitioners,

v.

Ernest MORRIS, Warden, Menard Correc-
tional Center, and Charles J. Rowe, Act-
ing Director, Illinois Department of Cor-
rections, Respondents.

No. 774026.

United States District Court,
E. D. Illinois.

Nov. 28, 1977.

Daniel D. Yuhas, Asst. State Appellate
Defender, Springfield, Ill., for petitioners.

John Prusik, Asst. Atty. Gen., State of
Ill., Chicago, Ill., for respondents.

## DECISION AND ORDER

ROBERT D. MORGAN, District Judge, Sitting by Designation.

Petitioners are incarcerated in the Illinois State Penitentiary at Menard. They seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Two separate grounds are asserted which they contend entitle them to a writ. The first is that petitioners were not proven guilty beyond a reasonable doubt. The second is that petitioners were denied due process of law because their convictions were based upon evidence obtained in a search based on an invalid search warrant. Neither of the asserted grounds affords a basis for relief by way of habeas corpus. Accordingly, respondents' motion to dismiss for failure to state a claim upon which relief can be granted must be allowed.

After receiving a jury trial in the Circuit Court of Macon County, Illinois, petitioners were both found guilty of murder and were sentenced to imprisonment for terms of 30 to 60 years. Petitioners appealed their convictions to the Appellate Court of Illinois, Fourth Judicial District. *People v. Maxey*, 37 Ill.App.3d 905, 346 N.E.2d 51 (1976). One of the issues raised in their appeal was whether they were proven guilty beyond a reasonable doubt. This question was answered in the affirmative by the Appellate Court. Subsequently, petitioners sought leave to appeal on this same ground to the Illinois Supreme Court, which petition was denied.

■ Habeas corpus petitions can seldom be used to test the sufficiency of the evidence upon which a conviction is based. Complaints as to the sufficiency of the evidence cannot be heard unless the record is so devoid of evidentiary support as to raise an issue of due process. *United States ex rel. Johnson v. Illinois*, 469 F.2d 1297 (7th Cir. 1972), *cert. denied*, 411 U.S. 920, 93 S.Ct. 1560, 36 L.Ed.2d 313 (1973). Only when there is no evidence to support the finding of guilty may it be set aside as violative of due process of law. *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); *United States ex rel.*

*Hubbard v. Cannon*, 403 F.Supp. 675 (N.D. Ill.1975).

■ Consequently, it would not be proper for this court to examine the record *de novo* to determine whether it considers the evidence sufficient to support petitioners' convictions. This issue was litigated unsuccessfully by petitioners all the way through the highest court in the state. After a careful review of the record, the Appellate Court of Illinois found the evidence incriminating petitioners to be "more than substantial," thus clearly demonstrating that the record is not devoid of evidentiary support and that no issue of due process is thereby raised. Having concluded that the jury verdict does not violate petitioners' rights to due process under the Fourteenth Amendment, they cannot be allowed to attack the verdict collaterally by way of federal habeas corpus.

The second ground which petitioners contend entitles them to a writ of habeas corpus is that their convictions were predicated upon the introduction of evidence which was the product of an illegal search and seizure, and, therefore, they were denied due process of law. The search and seizure, they argue, violated the Fourth and Fourteenth Amendments, in that it was conducted pursuant to an invalid search warrant procured upon the oath of a fictitious affiant. The warrant appears to be based upon a so-called "John Doe" affidavit, in which the affiant states under oath the facts upon which the warrant is based, from his own personal knowledge, but signs the affidavit under the fictitious name John Doe.

Search warrants supported by an affidavit submitted under a false name is a deficiency held by some courts to require suppression of evidence obtained thereby under Rule 41, Federal Rules of Criminal Procedure, *King v. United States*, 282 F.2d 398 (4th Cir. 1960), or under the Fourth Amendment, *United States ex rel. Pugh v. Pate*, 401 F.2d 6 (7th Cir. 1968), *cert. denied*, 394 U.S. 999, 89 S.Ct. 1590, 22 L.Ed.2d 777 (1969). *See United States v. Chavez*, 416 U.S. 562 (1974) at 574, n. 5, 94 S.Ct. 1849, 40 L.Ed.2d 380.

The Court of Appeals for the Seventh Circuit held in *United States ex rel. Pugh v. Pate, supra,* that an affidavit containing a fictitious signature, upon which a search warrant is based, rendered the warrant void. The court reasoned that the Fourth Amendment requirement that no warrant shall issue but upon probable cause, supported by oath or affirmation, precludes hiding the identity of the affiant in this way.

 The court decisions involving this issue are far from uniform, however. For example, the Illinois Supreme Court in *People v. Stansberry,* 47 Ill.2d 541, 268 N.E.2d 431 (1971), *cert. denied,* 404 U.S. 873, 92 S.Ct. 121, 30 L.Ed.2d 116 (1971), reached exactly the opposite conclusion, holding that a search warrant procured on the basis of a "John Doe" affidavit is not invalid. This creates the somewhat anomalous situation that such a search warrant is presently considered valid in the state courts of Illinois, but invalid in the federal courts sitting there. This court, of course, is bound to apply the law of the Seventh Circuit and must consider *United States ex rel. Pugh v. Pate, supra,* to be controlling, if that issue is to govern the decision.

 The court need not reach the issue of the validity of the search warrant, however. It is decided that petitioners are not entitled to federal habeas corpus relief because, in essence, they seek to by-pass the state court system and to litigate their Fourth Amendment claim for the first time by way of this proceeding.[1] This they cannot do. A state prisoner is not entitled to habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial where the state provided an opportunity for full and fair litigation of the Fourth

Amendment claim. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), *reh. denied, Wolff v. Rice,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). The State of Illinois has done nothing to deny petitioners the opportunity to fully litigate their Fourth Amendment claims. The fact that the petitioners did not choose to do so,[2] either during the course of their trial or on appeal in the state appellate courts, should not now be turned into a basis for a collateral attack on a valid state court conviction. This court must conclude that *Stone v. Powell, supra,* is controlling on that score and, hence, that petitioners are not entitled to relief by way of habeas corpus.

Accordingly, IT IS ORDERED that respondents' motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) is hereby ALLOWED and that judgment enter for defendants.

---

1. Petitioners concede in their petition that the issue of the validity of the search warrant was not raised in the state appellate courts, nor was any objection made at trial to the admission of the evidence obtained from the search.

2. Without expressing any opinion on the issue, it should be noted that there exists a serious question as to whether petitioners waived their Fourth Amendment claim by failing to make

any objection or motion to suppress at trial, in connection with the evidence obtained from the contested search. *See Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *United States ex rel. Allum v. Twomey,* 484 F.2d 740 (7th Cir. 1973); *United States ex rel. Johnson v. Illinois,* 469 F.2d 1297 (7th Cir. 1972).