Freddie **FREEMAN**, Plaintiff-Petitioner,

v.

**W. T. STONE**, Superintendent, Defendant-Respondent.

No. 26536.

United States Court of Appeals, Ninth Circuit.

June 14, 1971.

Freddie Freeman, in pro. per.

Evelle J. Younger, Atty. Gen., Los Angeles, Cal., for appellee.

Before BROWNING, CARTER and TRASK, Circuit Judges.

PER CURIAM:

Appellant, convicted in state court of armed robbery, appeals from the denial by the district court, of his application for federal habeas relief.  His sole contention on appeal is that the evidence introduced at his trial was legally insufficient to support his conviction.  We affirm.

---

114

■■ While it is true, as the State points out, that allegations of insufficient evidence in a state court trial are not reviewable by writ of habeas corpus, Fernandez v. Klinger (9 Cir. 1965) 346 F.2d 210, 211, cert. den. 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152, we must examine the record to determine if "the charges against petitioner were so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment." Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). See Garner v. Louisiana, 368 U.S. 157, 163, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); Barquera v. California (9 Cir. 1967) 374 F.2d 177, 179–180.

■ We have examined the record and conclude that there was ample evidence supporting the charge that petitioner participated in the robbery by driving the get-away car. While the evidence was entirely circumstantial, we cannot say that there was no evidence pointing to petitioner's involvement or that the jury acted unreasonably in drawing that conclusion.

Affirmed.