(No. 44706.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. VALERIE A. WITZKOWSKI, Appellee.

*Opinion filed November 30, 1972.*

LAWRENCE E. JOHNSON, State's Attorney, of
Urbana (WILLIAM M. GOLDSTEIN, Assistant State's
Attorney, of counsel), for the People.

DONALD M. TENNANT, of DOBBINS, FRAKER &
TENNANT, of Champaign, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion
of the court:

The People appeal from a judgment of the circuit
court of Champaign County dismissing a complaint which
charged the defendant, Valerie A. Witzkowski, with the
offense of interference with a public institution of higher
education (Ill. Rev. Stat. 1969, ch. 38, par. 21.2—2). The
complaint charged that the defendant did "without

authority through force or violence, by the use of his [*sic*] person individually or in concert with others, impede access to or movement within the Illini Union Building, 1306 W. Green, Urbana, Illinois, a building owned, operated or controlled by an institution of higher education, to-wit: Board of Trustees, a body corporate, of the Illinois Industrial University in that he [*sic*] did knowingly remain within the first floor lobby and corridor in front of Room 129 of said Illini Union after having been given due notice to depart by a University of Illinois Peace Officer in violation of Chapter 38 Section 21.2—2c of the Illinois Revised Statutes 1969." No testimony was taken and the judgment was entered upon allowance of defendant's motion to dismiss based on the ground that the statute is unconstitutional on its face. Pursuant to Rule 302(a) appeal was taken directly to this court.

Defendant argued to the trial court, and contends here, that the statute is vague and overbroad and therefore violative of the first and fourteenth amendments to the United States constitution and sections 2, 4 and 5 of article I of the Illinois constitution of 1970. She argues that because the statute purports to regulate the activities of persons it must set forth ascertainable standards of conduct and cannot be so broad as to deny those persons the right of free assembly and association. The People contend that the activities which the statute purports to regulate are not within the scope of the protection afforded by the first amendment and that the statute is neither vague nor overbroad.

The statute, in pertinent part, provides:

"Sec. 21.2—2. A person commits interference with a public institution of higher education when, on the campus of a public institution of higher education, or at or in any building or other facility owned, operated or controlled by the institution, without authority from the institution he, through force or violence, actual or threatened: *** (c) knowingly occupies or remains in or at any building, property or other facility owned,

operated or controlled by the institution after due notice to depart.

\* \* \*

Sec. 21.2—5. For the purposes of this Article the words and phrases described in this Section have the meanings designated in this Section, except when a particular context clearly requires a different meaning.

\* \* \*

A person has received 'due notice' if he, or the group of which he is a part, has been given oral or written notice from an authorized representative of the public institution of higher education in a manner reasonably designated to inform him, or the group of which he is a part, that he or they should cease such action or depart from such premises. The notice may also be given by a printed or written notice forbidding entry conspicuously posted or exhibited at the main entrance of the building or other facility, or the forbidden part thereof.

'Force or violence' includes, but is not limited to, use of one's person, individually or in concert with others, to impede access to or movement within or otherwise to interfere with the conduct of the authorized activities of the public institution of higher education, its trustees, employees, students or invitees."

In support of her contention that the statute is vague and overbroad defendant asserts that the sentence structure and location of the words "without authority from the institution he" makes the section ambiguous and difficult to interpret and apply. She argues that "if a person has prior authority from the public institution, he could engage in forceful or violent activities. If not actually using force or violence, the individual having such prior university authority, could apparently threaten such action. However, if a person does not obtain prior authority of the public institution, he engages in similar conduct at his peril." We agree that the definition of the offense set forth in section 21.2—2 is verbose and redundant, but it is not ambiguous or vague. The essence of the statutory definition is that a person commits interference with a public institution of higher education

when "without authority from the institution he, through force or violence, actual or threatened *** knowingly occupies or remains in or at any building, property or other facility owned, operated or controlled by the institution after due notice to depart." In view of the all-encompassing nature of the foregoing language, the phrase "on the campus of a public institution of higher education, or at or in any building or other facility owned, operated or controlled by the institution" appears to be superfluous, but this does not serve to render the statute vague or overbroad.

Defendant contends next that the definition of "force or violence" in section 21.2—5 is vague and overly broad in that the phrase "or otherwise to interfere with the conduct of the authorized activities" could include any conceivable act. In *People v. Raby, 40 Ill.2d 392,* in rejecting the contention that sections 26—1(a) and 31—1 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, pars. 26—1(a) and 31—1) were invalid by reason of vagueness and overbreadth, this court said at page 396: "It is true that section 26—1(a) does not attempt to particularize all of the myriad kinds of conduct that may fall within the statute. The legislature deliberately chose to frame the provision in general terms, prompted by the futility of an effort to anticipate and enumerate all of the methods of disrupting public order that fertile minds might devise." In *People v. Vandiver, 51 Ill.2d 525,* we said at page 530: "A criminal statute which fails to give adequate notice as to what action or conduct will subject one to criminal penalties is an unconstitutional deprivation of due process of law. (*Jordan v. De George, 341 U.S. 223, 95 L. Ed. 886, 71 S. Ct. 703.*) However the fact that there may be borderline cases wherein a degree of uncertainty exists as to the applicability of a statute does not render the statute unconstitutional as to conduct about which no uncertainty exists. (*United States. v. Wurzbach, 280 U.S. 396, 74 L. Ed. 508, 50 S. Ct. 167; Dennis v. United States, 341 U.S.*

*494, 95 L. Ed. 1137, 71 S. Ct. 857.*)" Here the conduct described in the complaint leaves no uncertainty as to the nature of the conduct upon which the charge is based, and as we said in *Vandiver,* "We will not *** conjecture as to the statute's application to situations less clear." 51 Ill.2d 525, 530.

Defendant contends also that the terms "due notice" and "authorized representative" are unconstitutionally vague. "Due notice" is a relative term and may require varying forms of communication dependent upon the circumstances. Certainly in a situation where violence is in progress or imminent the statute would not contemplate formal action by the Trustees, nor in exigent circumstances should it be anticipated that notice will be given by the President or Chancellor bearing an authenticated copy of the corporate action by means of which his authority was conferred. The complaint charges refusal to depart when told to do so by a university peace officer, which is a sufficient allegation of notice by an authorized representative of the institution. As this court said in *City of Rockford v. Grayned, 46 Ill.2d 492,* at 494, "While the ordinance may be susceptible to unconstitutional application, its constitutionality does not depend on conjectured misapplication."

In support of her contentions defendant cites *Baxter v. Ellington, 318 F. Supp. 1079,* decided by a three-judge District Court in the Eastern District of Tennessee. An examination of this opinion shows that the Tennessee statutes which most nearly resemble the one here attacked were held not to be overly broad or vague. (See 318 F. Supp. 1079, at 1087.) She argues that under the rationale of *Coates v. City of Cincinnati, 402 U.S. 611, 29 L. Ed. 2d 214, 91 S. Ct. 1686,* the judgment of the trial court is correct and must be affirmed. The city ordinance in *Coates* made it a crime for "three or more persons to assemble *** on any of the sidewalks *** and there conduct themselves in a manner annoying to persons passing

by ***." (402 U.S. 611.) In holding the ordinance unconstitutionally vague, the court stated: "Conduct that annoys some people does not annoy others. Thus, the ordinance is vague, not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." (402 U.S. 611, 614, 29 L. Ed. 2d 214, 217, 91 S. Ct. 1686, 1688.) In addition to finding the ordinance to be in violation of the due process standard of vagueness, the court held it was unconstitutionally broad because "[t]he First and Fourteenth Amendments do not permit a State to make criminal the exercise of the right of assembly simply because its exercise may be 'annoying' to some people." (402 U.S. 611, 615, 29 L. Ed. 2d 214, 218, 91 S. Ct. 1686, 1689.) We find *Coates* clearly distinguishable. Unlike the Cincinnati ordinance the statutory definition of the proscribed conduct makes it possible to charge its violation with sufficient specificity to leave no doubt as to the precise nature of the misconduct upon which the prosecution is based. We find that the statute more closely resembles the ordinance which this court held to be valid in *City of Chicago v. Weiss, 51 Ill.2d 113, cert. denied, —— U.S. ——, 34 L. Ed. 2d 153, 93 S. Ct. 122; City of Chicago v. Fort, 46 Ill.2d 12; City of Chicago v. Jacobs, 46 Ill.2d 214;* and *City of Chicago v. Greene, 47 Ill.2d 30, cert. denied, 402 U.S. 996, 29 L. Ed. 2d 162, 91 S. Ct. 2180.*

The judgment of the circuit court of Champaign County is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*