THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEONARD GREENMAN, Defendant-Appellant.

Fourth District    No. 12961

Opinion filed June 3, 1976.

Summers, Watson & Kimpel, of Champaign (Richard J. Watson, of counsel), for appellant.

James' R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann and Frederic M. Grosser, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant appeals from his conviction for the crimes of syndicated gambling, keeping a gambling place and gambling.

In 1973, a search warrant was issued to search the premises of Leonard's Jewelry Store in Champaign, Illinois, and to seize gambling paraphernalia. The complaint for the search warrant was signed with an assumed name by a person who, during a three-month period, had repeatedly observed defendant receive telephone calls whereby bets on sporting events were placed with defendant. When law enforcement officers executed the search warrant, they seized several articles used in gambling activities, including hundreds of betting slips and over $2,000 cash. Defendant's motion to suppress the physical evidence was denied, and defendant agreed to a trial upon the stipulated testimony of prosecution witnesses and the physical evidence. The stipulation included

testimony of the officers who conducted the search and persons who had regularly placed bets with defendant. There was detailed evidence of particular bets, and one witness had placed 11 bets of $200 each in one day.

On appeal, defendant presents two issues: (1) whether the search warrant was void because the complaint was signed with an assumed name, and (2) whether the statute defining the crime of syndicated gambling is unconstitutionally vague and indefinite. We conclude that defendant's convictions should be affirmed.

■■ Concerning the search warrant, defendant urges this court to depart from the rulings of the Illinois Supreme Court and to adopt the Federal view that search warrants issued pursuant to complaints signed under fictitious names are void. (E.g., *United States ex rel. Pugh v. Pate* (7th Cir. 1968), 401 F.2d 6.) In *People v. Stansberry* (1971), 47 Ill. 2d 541, 545, 268 N.E.2d 431, 433, the Illinois Supreme Court explicitly refused to follow *Pugh*, stating, "[W]e reaffirm that the use of a fictitious name by an affiant to a search warrant does not constitute an abridgement of constitutional rights." (See also *People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214.) We, of course, are bound by the decision of our Supreme Court, which has also said:

> "Where the Supreme Court has declared the law on any point, it alone can overrule and modify its previous opinion, and the lower judicial tribunals are bound by such decision and it is the duty of such lower tribunals to follow such decision in similar cases." *Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27, 116 N.E.2d 863.

Accordingly, we hold that the circuit court correctly denied defendant's motion to suppress.

Defendant also challenges the constitutionality of section 28—1.1 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 28—1.1), which provides, in part:

> "(b) A person commits syndicated gambling when he operates a 'policy game' or engages in the business of bookmaking.
>
> (d) A person engages in bookmaking when he receives or accepts more than five bets or wagers upon the result of any trials or contests of skill, speed or power of endurance, or upon any lot, chance, casualty, unknown or contingent event whatsoever, which bets or wagers shall be of such size that the total of the amounts of money paid or promised to be paid to such bookmaker on account thereof shall exceed $2,000. Bookmaking is the receiving or accepting of such bets or wagers regardless of the form or manner in which the bookmaker records them."

Defendant objects that this statute does not adequately fix any time

limits for the proscribed conduct. He cites a similar New York statute which defines the crime as receiving more than five bets totaling more than $5,000 in any one day (N.Y. Penal Law § 225.10(1) (McKinney 1967)). A Federal law defines "illegal gambling business" as one that remains in substantially continuous operation for a period in excess of 30 days or has a gross revenue of $2,000 in any single day. 18 U.S.C. §1511(b) (iii) (1975).

In contrast, the Illinois statute fixes no time limit for either accumulation of the $2,000 total or for receiving five or more bets, and does not specify whether the bets and $2,000 must be for one contest or several. We would be inclined to agree that the Illinois statute does not set forth readily ascertainable standards of conduct for persons who accept bets at widely scattered intervals of time, but, under the circumstances of this case, we need not decide the constitutional question. For the case at bar, the controlling principle was stated in *People v. Witzkowski* (1972), 53 Ill. 2d 216, 219, 290 N.E.2d 236, 239, as follows:

"[T]he fact that there may be borderline cases wherein a degree of uncertainty exists as to the applicability of a statute does not render the statute unconstitutional as to conduct about which no uncertainty exists."

Thus the court refused to conjecture as to the statute's application in a less clear situation.

■■ The undisputed evidence presented to the trial court here established that defendant accepted at least 11 bets totaling more than $2,200 on March 17, 1973, and at least 16 bets totaling more than $3,200 on March 20, 1973. There was also evidence that defendant accepted bets involving thousands of dollars on a daily basis over a period of years and that this was a business enterprise of the type covered by the statute. This is most clearly not a case of occasional transactions spread over a long period of time. Thus, while this statute might be objectionable in a borderline case, we need not be concerned with its applicability in the hypothetical situations posed by defendant. *(People v. Vandiver* (1971), 51 Ill. 2d 525, 283 N.E.2d 681.) This defendant's conduct was clearly within the proscription of the statute, and his conviction must be affirmed.

Judgment affirmed.

STOUDER, P. J., and BARRY, J., concur.