Joseph DENTI, Petitioner,

v.

COMMISSIONER OF CORRECTIONAL SERVICES OF the STATE OF NEW YORK, Respondent.

No. 75 Civ. 5213.

United States District Court,
S. D. New York.

Oct. 26, 1976.

Irving Anolik, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent; Joan P. Scannell, Deputy Asst. Atty. Gen., of counsel.

## MEMORANDUM

LASKER, District Judge.

Petitioner, Joseph Denti, is currently serving an indeterminate prison term of three years for a New York State gambling violation. He seeks a writ of habeas corpus, challenging his conviction on the grounds that 1) it was based on evidence seized in violation of the Fourth Amendment; 2) the trial court's instructions to the jury were so erroneous as to deny due process; and 3) *scienter* was established by virtue of an unconstitutional presumption contained in N.Y. Penal Law § 225.35(1), under which proof of possession of gambling records is presumptive evidence of possession with knowledge of their contents.

### 1. The Fourth Amendment Claim

Pursuant to an endorsement decision dated June 7, 1976, an evidentiary hearing on the Fourth Amendment issue was held on July 19, 1976. Shortly before the hearing, however, the Supreme Court handed down a decision which precludes consideration of the merits of this claim. In *Stone v. Powell,* —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) the Court held that

> "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." —— U.S. ——, 96 S.Ct. at 3052.

Despite Denti's arguments to the contrary, the holding of *Stone* applies to this petition. Denti raised the Fourth Amendment issue by motion to suppress in the state court and

obtained a full evidentiary hearing. In fact, he prevailed at the trial level, but the Appellate Division reversed, *People v. Denti,* 44 A.D.2d 44, 353 N.Y.S.2d 10 (First Dept. 1974). On remand, Denti was tried and convicted, and the conviction was affirmed on appeal. Under these circumstance, Denti's argument that because the appellate court reversed the trial court without ordering a further hearing, the state procedure was not "an opportunity for full and fair litigation" within the meaning of *Stone* and in fact, was violative of due process, is without merit.

It is true that the state court proceedings in this case were somewhat unusual. The trial court failed to make findings of fact as expressly required by statute, N.Y.C.P.L. § 710.60(6), and the Appellate Division purported to remedy this oversight by making its own findings based on the transcript of the hearing below. 353 N.Y.S.2d at 14. Upon review of the transcript we entertained some uncertainty whether the facts as set forth by the state court were entirely supported by the record and whether the facts had been as fully developed as desirable. In the exercise of our general discretion to air the facts fully where unclarity exists, see *LaVallee v. Delle Rose,* 410 U.S. 690, 701 n. 2, 93 S.Ct. 1203, 35 L.Ed.2d 637 (Marshall, J., dissenting), we therefore decided to conduct a hearing.

Our decision to conduct a hearing did not, however, constitute a definitive finding that the state decision was unsupported by the record, nor does it compel the conclusion that under *Stone,* Denti was denied an opportunity fully and fairly to litigate his claims. The emphasis of the formulation of the *Stone* court appears to be on provision by the state of an *opportunity* fully and fairly to air the claim, not, as in earlier decisions under 28 U.S.C. § 2254(d), on the fullness or fairness of the hearing that was conducted. Contrast, e. g., *United States ex rel. Regina v. LaVallee,* 504 F.2d 580, 582 (2d Cir. 1974); *United States ex rel. Williams v. LaVallee,* 487 F.2d 1006, 1010 and n. 13 (2d Cir. 1973); *United States ex rel. Liss v. Mancusi,* 427 F.2d 225, 227 (2d

Cir. 1970). This understanding of the opinion is in harmony not only with the Court's constant phrasing of the exception, (i. e., "an opportunity for full and fair litigation of a Fourth Amendment claim"), but more importantly with the guiding concern of the *Stone* court for principles of finality and comity in state criminal proceedings. See —— U.S. at ——, ——, 96 S.Ct. at 3042, 3062. (Brennan, J., dissenting). And see *Schneckloth v. Bustamonte,* 412 U.S. 218, 256 & 259, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1972), (Powell, J., concurring). Implicit in the holding is the notion that federal courts should be hesitant to reexamine state court determinations in "grey, twilight area[s]" of Fourth Amendment law such as that presented by Denti's claim. See *Schneckloth v. Bustamonte, supra,* 412 U.S. at 269, 93 S.Ct. 2041 (Powell, J., concurring).

In this case Denti received ample opportunity to litigate his Fourth Amendment claim in the state courts. Moreover, the facts in the state record are, for the most part, uncontroverted and where there is conflict reasonable minds could differ in the inferences to be drawn from them. In retrospect, and particularly in light of the decision in *Stone,* our decision to conduct a hearing may well have reflected an overabundance of caution. We are convinced that whatever shortcomings may have transpired in the state proceeding, they do not rise to the level which would justify consideration of the merits of Denti's claim by a federal court under the rationale of *Stone.*

Urging that *Stone* should not be applied "retroactively," Denti also argues that the decision does not apply to his case because an evidentiary hearing had been ordered prior to the *Stone* decision. Since the Court in *Stone* purported only to clarify a previously unexamined proposition rather than to overrule prior law, however, the applicability of the holding to this case is clear. See —— U.S. at ——, 96 S.Ct. at 3042. Moreover, that Denti's claim should be governed by *Stone* is entirely consistent with the court's express refusal to limit the effect of that ruling to prospective applica-

tion. See at ——, ——, 96 S.Ct. at 3052, 3070. (Brennan J., dissenting).[1]

### 2. The Jury Charge

Denti was tried for possession of all the gambling slips found in the car, the single slip spotted by Officer Schachtel on the rear floor in the amount of $9,095, and the two groups of slips found upon the ensuing search representing a total of $57,000 in wagers. The latter slips were discovered tucked into a mid-seat arm rest on the front seat of the auto, a position directly behind the stack of money and immediately at the side of petitioner, who had been driving. Thus, none of the contraband was discovered in his actual possession.

In recognition of this the trial judge charged the jury on the theory of constructive possession. (Tr. 392) He determined that the jury could fairly conclude from the totality of the circumstantial evidence, including the surreptitious activities observed by the police and the facts that petitioner had been driving, the car belonged to his wife, he had been sitting immediately next to the arm rest and the cash, and the betting slip found in the rear was in the exact amount of the cash, that Denti possessed the two groups of slips found in the front arm rest. He ruled as a matter of law, however, that the jury could not find Denti guilty of possession of the single slip found on the rear floor, because during the course of the evening's events all four suspects had been in that seat at one time or another and it could have been placed there or dropped by any one of them.

Denti now claims that the judge's charge that he could not be convicted of possessing the single slip but that the jury could nevertheless consider that same slip as one item in the matrix of circumstantial evidence in considering whether he possessed the other slips was "wholly inconsistent" (Statement 19), "completely confused" the jury (20) and amounted to a denial of due process by allowing an "unconstitutional inference" to be drawn. (22)

The claim is without merit. Even if we agreed with petitioner that the charge was confusing or erroneous, the error would not approach the magnitude sufficient to justify issuance of a writ in this proceeding. *Cupp v. Naughton,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *United States ex rel. Smith v. Montayne,* 505 F.2d 1355, 1359 (2d Cir. 1974); *United States ex rel. Winfield v. Cascles,* 403 F.Supp. 956, 960 (E.D.N.Y.1975); *United States ex rel. Johnson v. Vincent,* 370 F.Supp. 379, 384 (S.D.N.Y.1974). Similarly, to the extent that petitioner's argument on this point amounts to a claim that he was convicted on insubstantial evidence, (see Statement at 20), he "raises no question cognizable on habeas corpus," *United States ex rel. Reina v. New York State Division of Parole,* 238 F.Supp. 263, 265 (S.D.N.Y.1965); *United States ex rel. Griffin v. Martin,* 409 F.2d 1300, 1302 (2d Cir. 1969), as the trial record can in no way be characterized as "totally devoid of evidentiary support" for his conviction. *Thompson v. City of Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); *United States ex rel. Terry v. Henderson,* 462 F.2d 1125, 1131 (2d Cir. 1972); *Freeman v. Stone,* 444 F.2d 113 (9th Cir. 1971).

### 3. The Statutory Presumption

On the *scienter* element of the offense, the trial judge instructed the jury that if they found that Denti was in constructive possession of the gambling slips,

"The law provides us with a presumption [sic] proof of any possession of any gambling records is deemed presumptive evidence of possession thereof with knowledge of its contents. By presumptive evidence we mean evidence by—with a particular inference can be drawn [sic] unless and until such inference is overcome by other proof. Therefore, if you find that the defendant possessed these records  .  .  .  then the Law pre-

---

1. Due to the unusual sequence of events in this case, we have already conducted the hearing. It is therefore not inappropriate to state that if we were to reach the merits, we would in any event deny the writ.

sume[d] [sic] that he possessed such records with knowledge of their contents." (Tr. 399)

Denti claims not only that there was insufficient proof of possession to bring this presumption into play, (see 2, *infra*) but that the presumption itself, which is set forth in N.Y. Penal Law § 225.35(1), is unconstitutional.

The statute provides that:

"Proof of possession of any . . . gambling record . . . is presumptive evidence of possession thereof with knowledge of its . . . contents." N.Y. Penal Law, § 225.35(1) (McKinney 1967)

In recent years the Supreme Court has employed a variety of tests to measure the constitutional validity of statutory and common law presumptions. Compare *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973) with *Turner v. United States,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *United States v. Romano,* 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); and *United States v. Gainey,* 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965). In *Barnes v. United States, supra,* the Court stated that:

"[I]f a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable-doubt standard (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable-doubt) as well as the more-likely-than-not standard, then it clearly accords with due process." 412 U.S. at 843, 93 S.Ct. at 2362.

The Court went on to uphold the use of the presumption there at issue, the common law presumption that from the unexplained possession of recently stolen property a jury may infer knowledge that it was stolen, observing that

"the evidence established that petitioner possessed recently stolen Treasury checks payable to persons he did not know, and it provided no plausible explanation for such possession consistent with innocence. On the basis of this evidence alone common sense and experience tell us that petitioner must have known or been aware of the high probability that the checks were stolen." 412 U.S. at 845, 93 S.Ct. at 2363.

We believe that the presumption of N.Y. Penal Law § 225.35(1) meets the *Barnes* test. We may assume that the jury found Denti to have been in possession of the gambling slips found secreted under the arm rest of the vehicle he was driving. In view of the circumstances of his possession as adduced at trial, "common sense and experience tell us that petitioner must have known" of the contents of the gambling slips. *Barnes, supra.* Since, as the *Barnes* court noted, the use of such a presumption shifts the burden of going forward to the defendant, 412 U.S. at 846 n. 11, 93 S.Ct. 2357, and since Denti offered no evidence whatsoever to rebut the presumption of knowledge, the trial court's instruction that if the jury found him to have possessed the slips, "the law presume[d] (sic) that he possessed [them] with knowledge of their contents" fully comported with constitutional standards.

For the foregoing reasons, the petition for habeas corpus is denied in all respects.

It is so ordered.