Thomas **PULVER**, Petitioner-Appellant,

v.

John **CUNNINGHAM**, Warden, New York City Correctional Institution for Men, Respondent-Appellee.

No. 618, Docket 76–2133.

United States Court of Appeals, Second Circuit.

Argued March 1, 1977.

Decided Sept. 16, 1977.

Lawrence W. Kessler, Hofstra Law School, Hempstead, N. Y., for petitioner-appellant.

David L. Birch, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Before MULLIGAN and OAKES, Circuit Judges, and BRYAN, District Judge.*

MULLIGAN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, Hon. Robert J. Ward, denying appellant's petition for a writ of habeas corpus. On May 19, 1971, appellant was convicted of possession of stolen property in the second degree in the Supreme Court of the State of New York, New York County. The judgment of conviction was affirmed without opinion by the Appellate Division on September 25, 1973, 42 A.D.2d 927, 347 N.Y.S.2d 941 (1st Dept. 1973), and the New York Court of Appeals denied permission to appeal on December 18, 1973. Appellant then filed this petition in the Southern District on June 25, 1974, alleging that evidence admitted at his state court trial had been obtained in violation of his Fourth Amendment rights. In his opinion denying the petition, 419 F.Supp. 1221 (S.D.N.Y.1976), Judge Ward found appellant's claim barred by the Supreme Court's recent opinion in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The order appealed from is affirmed.

On March 9, 1970, Detectives Jacob and Schumacher of the Safe-Loft and Truck Squad observed appellant Pulver and Eugene Bonica drive in a Volkswagen bus to an apartment building at 302 Mott Street in New York City. Pulver and Bonica removed three cartons from the bus and carried them into the building. The detectives were apparently aware that appellant and his companion occupied apartment 39 on the sixth floor, and they proceeded to that location. The differing versions as to what subsequently transpired create the issue before us on this appeal.

At a pre-trial suppression hearing the two detectives testified that they went to apartment 39, knocked on the door, and stated that they were police officers. Appellant opened the door partially and then shut it. Detective Schumacher remained at the door on which he continued to knock while Jacob went down the hall to a window and out onto the fire escape. From this position Jacob saw three boxes thrown from appellant's window. He retrieved the discarded boxes and brought them back upstairs. The detectives were then admitted to the apartment where they placed Pulver and Bonica under arrest. An inspection of the cartons revealed that they contained stolen adding machines. Based on this testimony the court concluded that the cartons had been intentionally abandoned and suppression was denied.

Immediately before trial a further hearing was held pursuant to *People v. Huntley*, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965) to determine the voluntariness of an admission made by appellant to Detective Jacob. Jacob testified that after placing Pulver under arrest, he gave him his *Miranda* warnings which appellant stated he understood. In response to a question as to why he had thrown the machines out of the window, Pulver replied, "They are the only things here that have serial numbers." At the conclusion of the hearing the court found that appellant had waived his constitutional rights and held the statement admissible.

At trial, a slightly different version of the circumstances surrounding the arrest emerged which appellant contends required the exclusion of both the tangible evidence and his admission. Detective Schumacher testified that when Pulver started to close the door, "I shoved the door back at him trying to get in. And he succeeded—succeeded in slamming the door shut." With this new element of attempted forcible entry developed at trial, counsel for appellant again moved to suppress the evidence. The motion was denied by the trial judge. Appellant's position in the district court was that the attempted forcible entry occurred

---

* Hon. Frederick vanPelt Bryan, Southern District of New York, sitting by designation.

at a time when the detectives lacked probable cause and therefore was illegal. This illegality allegedly tainted both the defenestration of the cartons and Pulver's admission to Jacob, rendering his conviction invalid.

Faced with these Fourth Amendment claims by a state court defendant in a habeas corpus proceeding, Judge Ward recognized the restrictive effect of *Stone v. Powell, supra,* on the scope of federal review:

> Even if this Court were to hold that petitioner's Fourth Amendment rights were violated by the police officers' conduct, the writ could not be granted unless petitioner was also denied a full and fair opportunity to litigate his Fourth Amendment claims in the state courts.

419 F.Supp. at 1223. Because of the failure to elicit this additional information at the suppression hearing, the court concluded that it "would have no difficulty concluding that the state suppression hearing failed to adduce the material facts." Id. at 1224. The *opportunity* to litigate test of *Stone* was interpreted by the district court to include corrective action available through the state appellate process on direct review of the judgment of conviction. Judge Ward found that the argument pressed in the state trial court had been presented to the Appellate Division, and the district court concluded that the state appellate process was adequate to correct trial court errors. Since the material facts were presented to the state appellate courts and no deficiency was demonstrated in their consideration of the issue, the district court concluded that the appellant had had the opportunity to litigate his Fourth Amendment claim guaranteed him by *Stone*. On that basis the petition was dismissed.

In *Stone v. Powell, supra,* the Supreme Court, upon re-examination of the scope of federal habeas corpus relief available to state prisoners alleging violations of Fourth Amendment rights, held that

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas

corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Id., 428 U.S. at 494, 96 S.Ct. at 3052 (footnotes omitted). This court on several occasions has had the opportunity to interpret and apply *Stone*. E. g., *LiPuma v. Commissioner,* 560 F.2d 84 (2d Cir. 1977); *Simmons v. Clemente,* 552 F.2d 65 (2d Cir. 1977); *Kahn v. Flood,* 550 F.2d 784 (2d Cir. 1977). Plenary consideration to the implications of that decision was recently given in *Gates v. Henderson,* slip op. 5361 (2d Cir. Aug. 19, 1977) (en banc).

In *Gates,* this court affirmed the district court's dismissal of a petition for a writ of habeas corpus. Gates had been convicted of murder in the first degree, largely on the basis of the identity of his fingerprints and palmprints which matched those found at the murder scene. After unsuccessful direct and collateral proceedings in the state courts, Gates filed a habeas corpus petition in the federal district court. He alleged that the arrest which preceded the taking of his prints lacked probable cause, thereby rendering that taking violative of the Fourth and Fourteenth Amendments. This objection had not been raised either prior to or at his trial as required by a state statute. Finding that the state had provided the procedure by which Gates could have asserted his challenge, this court concluded that he had had an opportunity for full and fair litigation of his Fourth Amendment claim. Thus even though defendant's claim had never been considered on its merits because of his procedural default, *Stone* was found to bar his resort to federal court.

We find the same opportunity to litigate present in this case at the trial level. A suppression hearing was conducted before trial to determine the circumstances surrounding the acquisition by the police of the cartons in question. A *Huntley* hearing was also held to determine the voluntariness of the admission, and the method of police entry into the apartment was raised by the defense. At neither proceeding, however, was the theory now urged developed. We are not dealing with relevant

information known only to the prosecution. The means by which the police got into the apartment were equally known to the defense. Appellant clearly had the opportunity prior to the commencement of trial, either by direct testimony or by cross-examination of the state's witnesses, to elicit the facts which would support his legal theory. Nor would he have satisfied any of the exceptions to the rule requiring the making of a suppression motion at that time. N.Y. Code Crim.Proc. § 813–d, now codified at N.Y.Crim.Proc.Law § 710.40. Here then, as in *Gates,* the state had provided the opportunity to litigate appellant's Fourth Amendment claim at the trial level. *Stone* bars the consideration of that claim by a federal court even though appellant failed to develop it at the suppression hearing. We therefore affirm the judgment below.

OAKES, Circuit Judge (concurring):

I concur in the result.