**UNITED STATES of America ex rel. Harold D. MAXEY and Robert P. Maxey, Petitioners-Appellants,**

v.

**Ernest MORRIS, Warden, etc., and Charles Rowe, Director, etc., Respondents-Appellees.**

No. 78–1228.

United States Court of Appeals, Seventh Circuit.

Heard Nov. 28, 1978.

Decided Jan. 5, 1979.*

Opinion Jan. 31, 1979.

---

* This appeal was originally decided by an unreported order on January 5, 1979. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Daniel D. Yuhas, Asst. State App. Defender, Springfield, Ill., for petitioners-appellants.

Thomas C. Crooks, Asst. Atty. Gen., Mark Rotert, Chicago, Ill., for respondents-appellees.

Before FAIRCHILD, Chief Judge, CUMMINGS, Circuit Judge, and GRANT, Senior District Judge.**

CUMMINGS, Circuit Judge.

Appellants were found guilty of murder in a 1973 state court jury trial, and sentenced to indeterminate terms of 30 to 60 years in the Illinois State Penitentiary. After unsuccessfully appealing their convictions in the Illinois courts, appellants filed a federal habeas corpus petition [1] arguing that because certain evidence seized pursuant to an allegedly invalid search warrant was not suppressed at their trial their

Fourth Amendment rights had been violated.

The district court dismissed the petition for the writ of habeas corpus. *United States ex rel. Maxey v. Morris*, 440 F.Supp. 56 (E.D.Ill.1977). Judge Morgan held that the petitioners had been afforded a full and fair opportunity to litigate their Fourth Amendment claim in the Illinois courts and that federal habeas corpus relief was therefore precluded by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, rehearing denied, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158. He then issued a certificate of probable cause to appeal his ruling.[2] We affirm.

Appellants' sole objection to the search warrant is that it was based on an affidavit signed by a fictitious affiant using the name "John Doe." No objection is made to the sufficiency of the contents of the affidavit, and it is not contended that the affidavit was false or that the appellants were unaware that the name appended to it was fictitious. The affidavit was accompanied by a "supplemental affidavit," signed by a local police officer, in which he averred that he had interviewed the "John Doe" affiant and also added numerous specific details establishing probable cause to search petitioners' premises for certain automobiles and firearms. This is the evidence appellants now assert should have been suppressed.

Appellants contend that a search pursuant to a warrant based on an affidavit signed by a fictitious affiant is *per se* unconstitutional under this Court's holding in *United States ex rel. Pugh v. Pate*, 401 F.2d 6 (7th Cir. 1968). Appellees suggest that if we reach the merits of this case, we should overrule our decision in *Pugh*. In support of this result, they point out that *Pugh* has never been approved by the Supreme Court and that it stands alone in its constitutional

---

** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

1. 28 U.S.C. § 2254 is the applicable statutory authority.

2. The petition for habeas corpus also unsuccessfully alleged that the evidence was insufficient to support a guilty verdict, but that ground is not involved on appeal.

holding.[3] In addition, Rule 41 of the Federal Rules of Criminal Procedure, which required, at the time *Pugh* was decided, that the warrant state the names of affiants has subsequently been changed so that the names need no longer appear on the warrant. We do not reach the merits of this dispute about the holding of the *Pugh* case because we agree with the district court that the appellants' failure properly to raise their constitutional claims in the state courts precludes federal habeas corpus relief.

Appellants concede that they did not file a motion to suppress evidence prior to trial, did not object to the admission of the evidence at trial, and did not raise the issue of the alleged invalidity of the search warrant in a post-trial motion (Br. 5, 6, 10). The constitutional question was also not specifically raised on direct appeal to the Illinois Appellate Court[4] and apparently not raised at all in the petition for leave to appeal to the Supreme Court of Illinois (Br. 6). Leave to take that appeal was denied.

As the district court correctly concluded, the federal habeas corpus writ is unavailable in this case because of the Supreme Court's holding in *Stone v. Powell, supra.* In *Stone*, the Court held that if the defendant had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, he could not later bring a collateral attack in the federal courts seeking the suppression of evidence. Judge Morgan correctly applied the *Stone v. Powell* doctrine when he held that

"petitioners are not entitled to federal habeas corpus relief because, in essence, they seek to bypass the state court system and to litigate their Fourth Amendment claim for the first time by way of this proceeding. This they cannot do. A state prisoner is not entitled to habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial where the state provided an opportunity for full and fair litigation of the Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465 [96 S.Ct. 3037, 49 L.Ed.2d 1067] (1976), *reh. denied*, 429 U.S. 874, [97 S.Ct. 197, 50 L.Ed.2d 158] (1976). The State of Illinois has done nothing to deny petitioners the opportunity to fully litigate their Fourth Amendment claims." (Footnote omitted.) (440 F.Supp. at 58.)

■ Appellants argue that *Stone v. Powell* does not bar their petition because they had no full and fair opportunity to litigate the question in the Illinois courts. First, they point out that it was in fact never litigated. This, of course, is their own fault since they never raised it. We do not believe that *Stone v. Powell* can be avoided by the simple act, whether it be intentional or inadvertent, of not raising constitutional objections until a collateral attack is mounted on an adverse judgment. Several courts have held that *Stone* requires only that the defendant have an opportunity to litigate in the state courts. *Hines v. Auger*, 550 F.2d 1094, 1097 (8th Cir. 1977); *United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906 (3d Cir. 1977); *Denti v. Commissioner of Correctional Services*, 421 F.Supp. 557, 559 (S.D.N.Y.1976). The Second Circuit has twice confronted the question of whether this opportunity is present when the de-

---

3. The Fourth Circuit also ruled that fictitious affidavits are invalid in *King v. United States*, 282 F.2d 398 (4th Cir. 1960). However, this holding was based on the then existing version of Rule 41 of the Federal Rules of Criminal Procedure, not on the Fourth Amendment.

4. An oral motion to suppress evidence was made by the defendants at the preliminary hearing in the trial court. Ill.Rev.Stat. ch. 38, § 114–12, which provides the procedure for motions to suppress, requires that they be made in writing prior to the trial. Because there was no court reporter at the preliminary

hearing, the grounds for the motion to suppress were not preserved for appeal. On direct appeal to the Illinois Appellate Court, Fourth Judicial District, defendants argued that the failure to transcribe the preliminary hearing deprived them of the right to appellate review and that numerous issues involving the warrant, including the fact that it was based on an affidavit signed by a fictitious affiant, should be fully developed. They did not assert that the fictitious affiant question had been properly preserved or even that it had been raised at the pretrial hearing.

fendant could have raised the constitutional issue in the state courts. It concluded that since *Stone* requires only the opportunity to litigate in the state courts, a defendant's failure to seize that opportunity does not entitle him to a writ under 28 U.S.C. § 2254. *Gates v. Henderson*, 568 F.2d 830 (2d Cir. 1977) (*en banc*); *Pulver v. Cunningham*, 562 F.2d 198 (2d Cir. 1977). See also *O'Berry v. Wainwright*, 546 F.2d 1204 (5th Cir. 1977) (issue raised on state appeal but not at trial presents full and fair opportunity to litigate).

This Court reached a similar conclusion recently in *United States ex rel. Barksdale v. Sielaff*, 585 F.2d 288 (7th Cir. 1978). In *Barksdale*, the Fourth Amendment question was raised at trial but not preserved on direct appeal in the Illinois courts. Relying on *Gates, supra*, and *Pulver, supra*, this Court held that the defendant's failure to raise the issue on appeal in the state courts did not suffice to avoid *Stone*. *Barksdale, supra* at 292–293. We now hold that if a defendant had an opportunity to litigate his constitutional claim fully and fairly in the state courts, his failure to do so will not entitle him to obtain a federal writ of habeas corpus. ·

Appellants, however, interpose a second and more imaginative objection to the application of the *Stone* doctrine to them. They point out that although *United States ex rel. Pugh v. Pate, supra*, was based on the Fourth Amendment and purported to apply to state courts, the Illinois courts have nevertheless steadfastly refused to follow it. In *People v. Stansberry*, 47 Ill.2d 541, 268 N.E.2d 431 (1971), certiorari denied, 404 U.S. 873, 92 S.Ct. 121, 30 L.Ed.2d 116, the Illinois Supreme Court held that it was not bound by the *Pugh* decision and that search warrants based on affidavits signed with fictitious names were not invalid as a matter of law. The Illinois courts have continued to follow *Stansberry* rather than

*Pugh. People v. Bell*, 53 Ill.2d 122, 290 N.E.2d 214 (1972); *People v. Jackson*, 37 Ill.App.3d 279, 345 N.E.2d 509 (4th Dist. 1976); *People v. Hall*, 45 Ill.App.3d 469, 4 Ill.Dec. 239, 359 N.E.2d 1191 (4th Dist. 1977); *People v. Greenman*, 38 Ill.App.3d 734, 348 N.E.2d 465 (4th Dist. 1976); *People v. O'Neal*, 40 Ill.App.3d 448, 352 N.E.2d 282 (1st Dist. 1976). Hence, appellants argue, because it would have been futile for them to litigate the fictitious affiant issue in the Illinois courts, they had no real opportunity to do so, and *Stone v. Powell, supra*, should not bar federal habeas corpus relief.

We cannot agree. As Judge Morgan pointed out, Illinois did nothing to foreclose appellants' raising their constitutional question. Their objection appears to be not that they could not litigate their claim, but that it was almost certain that if they did, they would not receive the answer they wanted. What appellants are seeking here—federal court review of state court constitutional holdings—is what *Stone v. Powell* sought to avoid. *Stone* reflected the Supreme Court's belief that

> "the state courts [are] as fair and competent forums for the adjudication of federal constitutional rights [as federal courts are] * * * [W]e are unwilling to assume that there now exists a general lack of appropriate sensitivity to constitutional rights in the trial and appellate courts of the several States. State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law." 428 U.S. at 493–494, n. 35, 96 S.Ct. at 3052, n. 35.

█ *Stone* thus establishes that state court constitutional holdings, at least in the context of Fourth Amendment questions involving the application of the exclusionary rule, are not subject to collateral review merely because the federal courts would decide the issue differently.[5] The remedy

---

5. Appellants bolster their argument by reference to cases antedating *Stone v. Powell* that held no exhaustion of state procedures is required before seeking federal habeas corpus relief when the state courts have authoritative-

ly ruled on an issue (Br. 13). The cited cases were necessarily overruled by *Stone*.

Appellants also rely on *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, which held that federal habeas corpus relief is unavailable

for error in the state courts is by way of writ of certiorari to the Supreme Court of the United States. 428 U.S. at 494, n. 35, 96 S.Ct. 3037.[6] Other courts have interpreted *Stone* as we do, to say that the mere fact that the constitutional holding of the state courts may differ from what the federal courts would decide does not entitle the petitioner to a federal habeas corpus writ. *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977) (*en banc*); *Mack v. Cupp*, 564 F.2d 898, 902 (9th Cir. 1977); *Hines v. Auger*, 550 F.2d 1094, 1097 (8th Cir. 1977); *Denti v. Commissioner of Correctional Services*, 421 F.Supp. 557, 559 (S.D.N.Y.1976).

Appellants have cited a recent Tenth Circuit case, *Gamble v. Oklahoma*, 583 F.2d 1161 (1978), which they suggest supports their position. In *Gamble* the Tenth Circuit affirmed the district court's grant of a habeas corpus petition on the ground that inculpatory statements made in the context of an unconstitutional and coercive search should have been suppressed. The issue of whether the fact that *Miranda* warnings had been given was sufficient to "attenuate the taint" of the illegal search so as to make the statements admissible was, according to the Tenth Circuit, directly controlled in the defendant's favor by *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416. *Brown* was decided while the *Gamble* defendant's appeal was pending in the Oklahoma courts. Although Gamble urged the *Brown* precedent on appeal and on collateral attack, the state courts simply ignored it. In this highly unusual circumstance and perhaps colored by its perception that "[t]his case was born of an admittedly illegal arrest and was nurtured on evidence illegally seized in a context of abusive police conduct" (at 1162), the *Gamble* court concluded that the defendant had not had a "fair" opportunity to litigate in the Oklahoma courts. Hence *Stone v. Powell, supra*, did not bar a writ of habeas corpus.

The present case is clearly distinguishable from *Gamble*. As Judge Morgan held, Illinois has done nothing to impede the appellants' litigation of their constitutional claims. Although the answer they would have obtained from the Illinois courts probably would have been different from the answer of a federal court following the *Pugh* case, *supra*, we have already indicated that this alone does not suffice to avoid *Stone*. Certainly there is no controlling Supreme Court precedent on the issue that the Illinois courts are flagrantly disregarding, as the Oklahoma courts were in *Gamble, supra*.

At oral argument, counsel for appellants cited *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, for the proposition that search warrants based on affidavits by fictitious affiants are invalid. Even if *Franks* did so hold, there would be no reason to suppose the Illinois courts would fail to follow this mandate, and relief would be available by way of a collateral action in the state courts. However, *Franks* merely held that a defendant should be allowed to prove that the affidavit supporting the warrant contained deliberate or reckless falsehoods. It is true that once a showing of the probability of falsehood is made, the informant's identity may have to be revealed. This does not, however, necessarily invalidate the use of fictitious affiants in the first instance. See *United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 907 (3d Cir. 1977).

For the foregoing reasons, we agree with the district court that there has been no lack of opportunity fully and fairly to litigate in the Illinois courts within the meaning of *Stone v. Powell, supra*. On that ground alone we would affirm the district court.

only if the defendant deliberately bypassed or knowingly waived his right to raise a federal constitutional claim in the state courts. This argument is more apposite to the issue of whether failure to comply with Illinois procedural rules for raising the suppression issue constitutes a waiver of the constitutional question, and it will be discussed in that context.

6. The fact that the time for these appellants to file a petition for certiorari has presumably expired is irrelevant. *Stone v. Powell, supra* 428 U.S. at 495, n. 38, 96 S.Ct. 3037.

Appellees, however, offer a second and equally cogent reason for affirmance. Appellants have not disputed that it is settled in the Illinois courts that failure to raise an objection at or before trial or in a post-trial motion waives the objection. *United States ex rel. Allum v. Twomey,* 484 F.2d 740, 743 (7th Cir. 1973); *People v. Maxey,* 37 Ill.App.3d 905, 346 N.E.2d 51 (1976); *People v. Pickett,* 54 Ill.2d 280, 296 N.E.2d 856 (1973). Failure to comply with a state procedural rule of this sort precludes review by the federal courts through petitions for writs of habeas corpus. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594; *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149.

The only exception to this rule is if the defendant's failure to raise the issue at trial was the result of "cause and prejudice." *Wainwright, supra,* 433 U.S. at 90–91, 97 S.Ct. 2497; *Francis, supra* 425 U.S. at 542, 96 S.Ct. 1708. Appellants assert that the Illinois rule on fictitious affiants, which predetermined a negative answer, was "cause and prejudice" excusing them from raising the question. Nothing in *Francis* or *Wainwright* supports this interpretation. The requirement that issues be properly preserved for review permeates our legal system and is fundamental to its efficient functioning. The fact that a litigant is virtually certain the ruling will be adverse cannot excuse the failure to observe this basic procedural requirement. Appellants are in effect inviting the federal courts to determine when the substantive law applied by state courts is so clear that it would be "futile" to raise a question before them and then to conclude that the "futility" excuses the failure to preserve the question as required by state procedural rules. We would decline this invitation in any event in view of *Stone v. Powell.*

In addition, however, appellants' argument is based on the erroneous assumption that the federal courts can review by way of a habeas corpus petition the question of law that was so settled in the state courts as to be futile to raise it there. As we have already decided, at least in the context of the exclusionary rule, this is precisely what *Stone v. Powell* forecloses.

The decision of the district court is affirmed.