**Frank BAILEY, Jr., Petitioner-Appellant,**

v.

**Jack R. DUCKWORTH, et al., Respondents-Appellees.**

**No. 80–1193.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1982.

Decided Feb. 14, 1983.

Michael B. Nash, Chicago, Ill., for petitioner-appellant.

Bruce L. Kamplain, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before PELL, BAUER, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

BAUER, Circuit Judge.

This appeal raises the issue of whether a claim considered for the first time on a petition for rehearing in a state appellate court has been fully and fairly litigated in the state courts. We hold that it has not. Accordingly, we reverse and remand.

Petitioner Frank Bailey, Jr. and his brother Hank were charged with numerous counts of first and second degree burglary. At trial they moved to suppress the evidence seized from Hank Bailey's home, contending that the warrant was not supported by probable cause. This evidence constituted a significant portion of the state's case. The motion was denied and the Baileys were convicted. Thereafter defendants filed a post-trial Motion to Correct Errors, again asserting that the search warrant was improperly issued and that the evidence should have been suppressed. In opposing the motion the state argued, in part, that Frank did not have standing to challenge

---

* The Honorable William H. Timbers, Senior Judge of the United States Court of Appeals for the Second Circuit, is sitting by designation.

the warrant. The court denied the motion, but did not refer to the standing issue.

On appeal, the Indiana appellate court reversed the convictions holding that the evidence upon which those convictions were based had been illegally seized. The state then petitioned for rehearing, arguing, for the first time in the appellate court, that Frank had no standing to object to the search of his brother's home. The court denied the petition for rehearing as to Hank but granted the petition as to Frank, reinstating his conviction. After the Indiana Supreme Court refused to hear the case, Frank initiated this habeas action.

The parties agree that a federal habeas court has limited power to review state court proceedings and that the federal court is precluded from reexamining the merits of a fourth amendment claim if the state tribunal has afforded the petitioner an opportunity for full and fair consideration of that claim. They disagree, however, as to the application of these principles to the facts of this case.

Petitioner asserts that by ignoring the well-established principle that new issues may not be raised on a petition for rehearing, the Indiana appellate court denied petitioner his right to a full and fair opportunity to litigate the standing issue. Relying on both federal and state decisions, *Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); *New York Life Insurance Co. v. Henriksen,* Ind.App., 421 N.E.2d 1117 (3d Dist.1981); *Cunningham v. Hiles,* Ind.App., 402 N.E.2d 17 (3d Dist. 1980); *State v. Indianapolis Airport Authority,* 173 Ind.App. 55, 362 N.E.2d 200 (1st Dist.1979), petitioner strenuously argues that, since the standing issue was neither briefed nor orally argued in the original appeal, the issue cannot be the basis for the granting of a petition to rehear. He maintains that by failing to raise the standing issue during the original appeal, the state waived that issue for all time.

Not surprisingly, the state challenges petitioner's assertion that he was deprived of an opportunity to fully and fairly litigate his claims. In support of its position, the state emphasizes: (1) that petitioner presented his fourth amendment claims both in the state trial court, on a motion to suppress, and on appeal; (2) that the state did not impede petitioner from raising any claim; and (3) that petitioner had an opportunity to respond to the state's petition for rehearing, which raised the standing issue. These opportunities, the state contends, satisfy the *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) requirement of an "opportunity for full and fair consideration."

We do not agree. The flaw in the state's position is its attempt to consider the validity of the warrant and the standing issue as one fourth amendment claim. The record clearly indicates that while petitioner was afforded an opportunity to fully and fairly litigate the validity of the search warrant, he has not been afforded the same opportunity to litigate the standing issue. Unlike the validity of the warrant, the standing issue was not raised in the trial court, except in conjunction with a post-trial motion and, thus, was neither thoroughly argued nor analyzed by the trial court. Additionally, the standing issue was not briefed or orally argued in the initial appeal. Therefore, the only opportunity petitioner had to address the standing issue was in its response to the state's petition for rehearing, by which point petitioner was justified in assuming the issue had been waived.

While we agree with the state that petitioner is not entitled to collateral review of a state determination of a constitutional issue merely because the federal courts might have decided the issue differently, this principle has application only in situations where the issue has been fully heard by the state courts. Such is not the case here. For this reason, there is no merit to the state's argument that determination of the standing issue was a matter of state law which is not reviewable by federal habeas corpus.

Under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) our task is limited to an inquiry as to whether the state procedures provided the opportunity

for full and fair consideration of the standing claim. *Abell v. Raines,* 640 F.2d 1085 (9th Cir.1981); *United States ex rel. Maxey v. Morris,* 591 F.2d 386 (7th Cir.), *cert. denied,* 442 U.S. 912, 99 S.Ct. 2828, 61 L.Ed.2d 278 (1979). We hold that they did not. Accordingly, we reverse the district court's denial of the writ of habeas corpus and remand with directions to remand to the state trial court solely for a full consideration of the standing issue.

REVERSED AND REMANDED WITH INSTRUCTIONS.