904 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rubert BROWNING, Petitioner-Appellant,
v.
Michael DUTTON, Warden, et al, Respondent-Appellee.
 No. 89-5267.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1990.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and PAUL V. GADOLA, District Judge.*
 PER CURIAM:
 
 
 1
 On November 19, 1982, appellant, Rubert Browning, was convicted of first degree murder and sentenced to life imprisonment. At the time of his conviction Browning was 78-years-old. His victim, Cecile Browning, was his 76-year-old wife. The couple had been married in excess of 57 years.
 
 
 2
 Browning's appeal concerns an alleged Fourth Amendment violation, wherein Browning made incriminating statements while in police custody without an arrest warrant. The record indicates that during appellant's interrogation he was not free to leave police custody and that no arrest warrant had been issued.
 
 
 3
 Appellant filed a motion to suppress these incriminating statements, and it was denied at a hearing prior to trial. Appellant then unsuccessfully raised this issue on appeal, exhausting his state remedies.
 
 
 4
 Appellant then filed a petition for federal writ of habeas corpus, pursuant to 28 U.S.C. Sec. 2254(d), in the District Court for the Middle District of Tennessee. Appellant alleged that he had not received a "full and fair hearing" on his motion to suppress, and that he had ineffective assistance of trial counsel. The District Court denied Browning's requested relief.
 
 I.
 
 5
 This appeal concerns appellant's 28 U.S.C. Sec. 2254 habeas corpus petition. Appellant claims that his incriminating statements, made while in police custody without an arrest warrant, should have been suppressed by the state trial court. Under Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) a confession may be suppressed where there has been an illegal arrest.
 
 
 6
 In Miller v. Fenton, 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), the Supreme Court held that "the ultimate issue of 'voluntariness' is a legal question requiring independent federal determination." 474 U.S. at 110. Further, the Court stated:
 
 
 7
 [T]he ultimate question whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution is a matter for independent federal determination. Id. at 112.
 
 
 8
 In the present appeal, it is clear from Miller that this court has an obligation to independently determine whether Browning's incriminating statements were obtained in a manner compatible with the requirements of the Constitution. However, even in a confession case, this court is entitled to rely on the state court findings on subsidiary factual questions. Miller, 474 U.S. at 112.
 
 
 9
 Here, the Court of Criminal Appeals of Tennessee, in its May 23, 1983 opinion, found that probable cause existed for the arrest for detention of Browning. Accordingly, that court found "the facts and circumstances of this case do not show any illegal detention of the defendant at the time he gave his statements. The trial court properly overruled the defendant's motion to suppress his statements." Tennessee v. Browning, No. 83-38-III (May 23, 1983).
 
 
 10
 Upon appellant's petition for habeas corpus, the federal district court, in its February 16, 1988 Opinion, relied on the findings of fact by the Tennessee Court of Criminal Appeals. This court, acknowledging our obligation under Miller, supra, and after reviewing the record, agrees with the Tennessee Court of Criminal Appeals, and the federal district court, that probable cause existed for the arrest or detention of Browning, if he was, in fact, in custody.
 
 
 11
 Furthermore, this court, after reviewing the holdings of Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), Bailey v. Duckworth, 699 F.2d 424 No. 89-5267 (1983), Riley v. Gray, 674 F.2d 522 (6th Cir.1982), and after oral argument, finds to the extent appellant relies on the Fourth Amendment, he had a full and fair hearing.
 
 II.
 
 12
 Appellant also argues that he did not receive effective assistance of trial counsel.
 
 
 13
 Appellant asserts that his right to effective assistance of counsel at trial was violated as a result of the trial counsel's failure to properly advise the petitioner as to whether he should testify. Appellant asserts that he is entitled to have his conviction set aside and cites Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).
 
 
 14
 In Strickland and United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984), the Supreme Court defined in detail the Sixth Amendment requirement that a criminal defendant receive effective assistance of counsel. First, petitioner must show that counsel's performance was not "reasonably effective" under the prevailing professional standards. Second, petitioner must show prejudice: that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.
 
 
 15
 According to the government, the Court of Criminal Appeals of Tennessee, in addressing appellant's claim of ineffective assistance of counsel, made the following findings of fact:
 
 
 16
 He alleged that his counsel would not let him testify at trial. It turned out that by Browning's own testimony in support of his petition, counsel merely advised and persuaded Browning not to testify. Browning simply elected to follow his counsel's advice. The judge so found and dismissed the petition. On appeal we affirm.[1]
 
 
 17
 According to the government, the District Court, in reaching its determination that appellant was not entitled to habeas corpus relief, noted that an evidentiary hearing had been conducted to determine whether appellant received a full and fair hearing in his state post-conviction proceeding, on the issue of whether appellant's trial counsel was ineffective in not offering appellant as a witness at trial.
 
 
 18
 The District Court concluded, after an evidentiary hearing, that Browning had received effective assistance of trial counsel, and that appellant received a full and fair hearing at his post-conviction proceeding concerning this issue. We agree.
 
 
 19
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 State v. Browning, Robertson Co. No. 85-283-111 (C.C.A., Nashville, July 25, 1986) (Add. 2)